# Weinard v. The State.

## Habeas Corpus.

(Decided Dec. 20th, 1906. 42 So. Rep. 991.)

1. *Criminal Law; Appeal; Disposition of Cause; Affirmance.*—Section 4334, Code 1896, applies only to cases in which capital punishment is imposed, and the date fixed expires before the determination of the appeal; and where the defendant is convicted of a misdemeanor and appeals, giving bail, as provided by section 4321 of the Code, the supreme court, on affirmance of the appeal, need not resentence, nor fix the date for the beginning of the sentence, the undertaking by the defendant being to surrender herself to begin the sentence upon such an affirmance.

2. *Same; Sentence; Sufficiency.*—The sentence in this case was that defendant perform hard labor for a period of thirty days to pay the fine, and hard labor for 352 days to pay the costs, amounting to $105.65, and that the sentence should begin on April 11th and expire on Feb. 11th following, and not to exceed ten months. Held, such sentence was not void, although it should have been for thirty days to pay the fine, and ten months additional to pay costs. such sentence is sufficient to prevent a discharge of the defendant from a compliance therewith, and to prevent a discharge of the sureties on her bond in the event she does not surrender herself after affirmance on appeal.

APPEAL from Monroe Probate Court.

Heard before Hon. I. B. SLAUGHTER.

Habeas corpus by Lou Weinard to obtain her release from custody under a sentence ordered on a conviction of selling liquor without a license. From a judgment denying the writ, she appeals. Affirmed.

[Weinard v. The State.]

The petitioner was indicted in the circuit court of Monroe county for selling liquors withuot license, convicted, and the following judgment entered (after setting out the day of trial, the arraignment, and plea of defendant): "Thereupon came a jury of twelve good and lawful men, to-wit, W. L. Simmons and eleven others, who, being impaneled and sworn and charged according to law, upon their oaths do say: 'We the jury, find the defendant guilty as charged in the indictment and assess a fine of one hundred dollars.' It is therefore considered and adjudged by the court that the defendant is guilty, and that the state of Alabama, for the use of Monroe county, have and recover of the defendant the sum of one hundred dollars fine, together with the costs in this behalf expended. The defendant, not having paid or secured the said fine and costs, is sentenced to hard labor for Monroe county for a period of thirty days to pay the fine, and to hard labor for the county for an additional time of three hundred and fifty-two days to pay the costs, amounting to one hundred and five dollars and sixty-five cents, at thirty cents per day. Time to begin on the 11th day of April and not to exceed ten months, and not to expire until the 11th day of February, 1906." The defendant appealed from this judgment, and pending said appeal sentence was suspended upon the defendant entering into a bond for her appearance at the trial court to abide the action of the supreme court. The judgment was affirmed on appeal, and the petitioner filed a writ of habeas corpus, alleging that she is being restrained of her liberty, in that she was being held by one Fountain, sheriff of Monroe county, under a void judgment of sentence, as shown by the judgment above set out. Upon the hearing the court denied the writ, and remanded her to the custody of the sheriff. The contention seems to be that, the supreme court failing to pronounce judgment and sentence in the opinion on the appeal and the lower court not having resentenced her under the former judgment, the sheriff had no right to hold her.

No counsel marked for appellant.

MASSEY WILSON, Attorney General, for State.—Counsel discusses the questions presented by the record but cite no authority.

ANDERSON, J.—The affirmance of an appeal in a criminal case does not require a resentence by this court in order to put into operation the judgment and sentence from which the appeal was had. The sentence is merely suspended during the pendency of the appeal, and an affirmance or dismissal of the appeal does not change the judgment of the lower court, but leaves it in full force and effect, except, of course, the delay incident to the appeal may postpone the commencement and expiration of the sentence, when it is for a given time. The petitioner gave a bond as provided by section 4321 of the Code of 1896, and said section provides for the enforcement of the judgment and sentence, when the judgment of conviction is affirmed, or the appeal is dismissed by the court. Section 4334 of the Code of 1896 is intended only for cases in which capital punishment has been fixed, and the date fixed for same has expired before a final determination of the appeal by this court. In all other cases there need be no resentence by this court, upon an affirmance of the judgment or a dismissal of the appeal, in order to put into operation the judgment and sentence of the trial court. It stands just as if no appeal was had, except when, for a given time, the date for the commencement and expiration is necessarily changed.

The sentence in the case at bar is not void, but is not strictly in compliance with the law. The sentence provides that, in default of the payment of the fine, defendant is sentenced to hard labor for the county "for thirty days to pay the fine and to hard labor for the additional time of three hundred and fifty-two days to pay the cost." The judgment entry, after reciting the amount of cost due to be $105.65, and that at 30 cents per day it requires 352 days, further provides that the sentence begins "on April 11, 1905, and expires February 11, 1906, and not to exceed ten months." Under the law the sentence to hard labor for the cost could not exceed 10 months, or 300 days; but, while the defendant was given

352 days to pay the cost, the judgment fixes the whole punishment at 10 months, and expressly provides that it shall not exceed that period. The 30 days to pay the fine should not have been included in the 10 months, if the cost was enough to require 10 months' labor to discharge the same. The sentence to pay the cost should be in addition to the the time to pay the fine, or the time fixed as punishment, and the time to pay the cost alone cannot exceed 10 months. The law does not require that the total sentence shall not exceed 10 months. The sentence, therefore, in the case at bar, should have been .30 days to pay the fine and 10 months additional to pay the cost, a total of 11 months, instead of 10, as fixed by the judge of the circuit court.—Code 1896, § 4532.

The judgmnet in the case at bar is unlike the one in *Linnehan's Case*, 120 Ala. 293, 25 South. 6, as the court determined the time required to work out the sentence by ascertaining the amount of cost, and the record clearly shows that the error committed was in favor of the defendant. In *Linnehan's Case, supra*, while the sentence was only for 8 months, yet the amount of cost was not disclosed, and may have been a sum insufficient to require 8 months at 30 cents per day, and there was no ascertainment of this fact by the court. For that reason, the judgment as to the sentence was reversed. In the case at bar the sentence is not void, and, while less than the judgment would warrant, it is sufficient to prevent a discharge of the defendant from a compliance therewith, or the sureties on her bond in the event of a noncompliance with section 4321 as to surrendering herself.

The judge of probate properly denied the petitioner's discharge, and the judgment is affirmed.

TYSON, C. J., and DOWDELL and SIMPSON, JJ., concur.