# Moore *v*. The State.

## *Misdemeanor.*

(Decided Jan. 17th, 1907. 42 So. Rep. 996.)

*Criminal Law; Judgment.*—In a misdemeanor case the sentence should show an ascertainment of the costs and the determination by the court of the number of days required to work it out, at thirty cents per day, not to exceed ten months; and a sentence ordering accused to perform additional labor, not to exceed ten months, at eighty-three cents per day, until the costs are satisfied, is improper, but the court will do no more than to reverse for a resentence according to law.

APPEAL from Jefferson Criminal Court.
Heard before Hon. S. L. WEAVER.

Emmett Moore was indicted, tried and convicted of grand larceny. He was sentenced to two years hard labor for the county, and an additional term to pay costs, the judgment entry thereon sufficiently appearing in the opinion of the court.

No counsel marked for appellant.

MASSEY WILSON, Attorney General, for State.—No brief came to the reporter.

ANDERSON, J.—There is no bill of exceptions in this case, and the record discloses no error of the trial judge except as to the sentence for cost. The judgment recites: "And the cost legally taxed against the defendant not being presently paid or secured, it is ordered that the said defendant perform additional hard labor for the county a sufficient number of days at the rate of. eighty-three cents per day to pay said costs, said number of days not to exceed ten months." Section 4532 of the Code of 1896, providing for sentence for cost, among other things, says: "And the court must determine the

time required to work out such costs at the rate of thirty cents per day." There is nothing in the present record to indicate the amount of the cost, or the length of time required to work it out at 30 cents per day. True, the sentence provides that the time shall not exceed 10 months; but this is not sufficient. The sentence should show an ascertainment of the cost and the determination by the court of the number of days required to work it out—not to exceed ten months.—§ 4532 of the Code of 1896; *Linnehan v. State*, 120 Ala. 293, 25 South. 6; *Weinard v. The State*, 149 Ala. 57, 42 South. 991. Again, the rate should be 30 cents per day, and not 83 cents, as by the sentence.

The judgment of the criminal court is reversed as to the sentence, and the cause is remanded for further sentence by the criminal court as indicated above.

Reversed as to sentence, and remanded.

DOWDELL, DENSON, and MCCLELLAN, JJ., concur.