# Bibb County *v.* Ward.

*Suit by Convict for Money Earned.*

(Decided Nov. 24, 1909.  50 South. 907.)

*Convicts; Labor; Proceeds; Counties' Liability.*—Where a convict is sentenced to hard labor under section 5462, CoLde 1896, for ·a specified number of days, less than ten months at the rate of thirty cents per day to pay the amount of costs accruing on his prosecution, and he was hired by the county to a convict contractor as provided by sections 4520-4525, Code 1896, who paid the county for his services at the rate of $1.08 per day, the convict's only right was to apply for a discharge on the payment of ·the cost at the contract rate, and the fact that he worked out his full time at the rate specified in the sentence would not entitled the convict to recover of the county the difference between the sentence rate and the contract rate.

Appeal from Bibb Circuit Court.

Heard before Hon. B. M. Miller.

Action by Ernest Ward by his next friend against Bibb county to recover of the county the difference between the rate per day of his sentence for cost and the contract rate at which the county hired him, he having performed full time. Judgment for plaintiff and defendant appeals. Reversed and remanded.

Lavender & Thompson, for appellant. The sentence was, under the statute, required to specify the amount, number of days, and sum allowed for each day and the judgment had to follow the law.—Sec. 5426, Code 1896; *Evans v. The State,* 109 Ala. 11. The plaintiff was without right to recover against the county.—*Ex parte State in re Pierce,* 89 Ala. 177; *Moore v. The State,* 149 Ala. 66; *Linehan v. The State,* 120 Ala. 293; *Weinard v. The State,* 149 Ala. 57; Sec. 4532, Code 1896. In any event plaintiff was not entitled to recover under the common counts.—*Sloss S. S. & I. Co. v. Havey,* 116 Ala. 656; Cooley on Torts, 169-70.

D. W. CRAWFORD, for appellee. Under the facts in this case Bibb county had in its possession a sum which in equity and good conscience does not belong to the county, nor can it be said that it belonged to the officers of the court. It belonged to the convict and could be recovered.—*Hunt v. Matthews*, 132 Ala. 286. It is also well settled that where one pays another money through a mistake of fact or in ignorance of a material fact that the money may be recovered on the common count.—*Hunt v. Matthews, supra; Young v. Lehman*, 63 Ala. 519; *Pritchard v. Sweeney*, 109 Ala. 651; see also *Smith, et al. v. Jernignan*, 83 Ala. 256; *Steiner v. Clisby*, 103 Ala. 190.

DOWDELL, C. J.—This case was tried in the circuit court on an agreed statement of the facts. The court gave the general affirmative charge for the plaintiff, and refused a like charge to the defendant. The only two assignments of error on the record are based on these rulings of the court.

The appellee, plaintiff in the case, sued the county of Bibb in assumpsit "for money had and received for the use and benefit of the plaintiff." The money claimed in this action was proceeds arising from the hard-labor service of the plaintiff under conviction for misdemeanor and sentence to work out the costs of conviction. The conviction and sentence was in all respects regular under the statute; the sentence being for a certain specified number of days at 30 cents per day, less than 10 months, to pay the duly ascertained amount of costs.—Code 1896, § 5426. The plaintiff was hired to the Sloss-Sheffield Steel & Iron Company under a contract made with the county of Bibb, by said Company, for the hire of convicts sentenced to hard labor for said county. The rate of the hire of said convict, un-

der the terms of said contract, was $1.08 per day. The plaintiff performed the hard-labor service under his sentence for the entire number of days specified in the sentence. The proceeds of his hard-labor service under the contract of hire was more than sufficient to pay the costs of his conviction, and after the payment of the costs out of the same the balance was paid into the treasury of the county. It is for this balance so paid into the county treasury—the difference between 30 cents a day, the rate fixed by the judgment of the court in the sentence, and $1.08, as fixed by the terms of the contract of hire between the county, and the Sloss-Sheffield Steel & Iron Company, the hirer—that the plaintiff sues, claiming same as money had and received for his use and benefit.

It is made the duty of the court of county commissioners, under the convict system (article 3, c 139, p. 216, Cr. Code 1896), to make provision in reference to hard labor of county convicts, and to this end to enter into contracts for the hire of such convicts. The convict is no party to the contract, and can have no interest in the proceeds arising out of the same for hard-labor service performed, except as he may be affected by the provisions of section 5426 of the Criminal Code of 1896 when working out the costs of conviction. In the case before us the status of the plaintiff as a convict was fixed, not by the contract of hire, but by the judgment and sentence of the court trying him, as to his hard-labor service for the payment of the costs under the provisions of said section 5426. After providing for judgment to be rendered for hard labor to pay the costs, specifying that the term for which he may be required to work shall not exceed 10 months, and fixing the rate per day at 30 cents for the discharge of costs, this section then further provides: "And such convict

must be discharged from the sentence against him for costs on the payment thereof, or any balance due thereon, by the hire of such convict, or otherwise; and the certificate of the judge or clerk of the court in which the conviction was had, that the costs, or the residue thereof, after deducting the amount realized from the hire of the convict, have been paid, or that the hire or labor of the convict, as the case may be, amounts to a sum sufficient to pay the costs, shall be sufficient evidence to authorize such discharge."

It is on the quoted provision of the statute that the present action is sought to be maintained. That the hard-labor service performed by the plaintiff was under the judgment and sentence of the trial court, and hence involuntary on the part of the plaintiff, there can be no doubt. The plaintiff worked out his term of service, and at the rate per day specified in the sentence of the court. It is true that the proceeds of his hire, under the contract of the county with the hirer for the term of his service, were in excess of the amount fixed in the sentence; but there is nothing in the statute which contemplates the payment of such excess over to the convict. The statute merely provides for the discharge of the convict from the hard-labor service for the payment of the costs, under the conditions and circumstances mentioned in the statute. It is a matter of grace to the convict, to be enjoyed by him at his election and upon his action in the manner provided. There is no decision of this court directly in point on the question, but the principles laid down in the case of *Ex parte Pierce,* 89 Ala. 177, 8 South. 74, and in that of *Moore v. State,* 149 Ala. 66, 42 South. 996, have some bearing, and are, we think, persuasive to the correctness of the views we have expressed.

[Duke v. Southern Hardware & Supply Co.]

Our conclusion is that the circuit court erred in giving the general affirmative charge for the plaintiff, and in refusing a like requested charge to the defendant.

Reversed and remanded.

SIMPSON, MCCLELLAN, and MAYFIELD, JJ., concur.