# Ex parte Simmons.

## Habeas Corpus.

1. *Habeas corpus ; what not proper remedy for.*—Habeas corpus will not lie to correct errors or irregularities in the judgments of courts. The judgment must be void, not merely voidable ; it must be a usurpation or excess of jurisdiction to entitle the prisoner to the writ.

2. *Sentence; what irregular, but not void.*—Although under § 4450 of the Code of 1876, a sentence on conviction for burglary, to hard labor for the county for a period exceeding two years is irregular, and would be reversed on appeal or writ of error, it is not void or a nullity, and does not entitle the prisoner to a discharge on *habeas corpus.*

This was an application by the petitioner, Sam Simmons, for his discharge on *habeas corpus*. It appeared that the petitioner, at the spring term, 1879, of Marengo Circuit Court, was regularly tried upon an indictment for burglary, and the jury found the defendant "guilty as charged in the indictment." Upon this verdict, the court sentenced the petitioner to three years hard labor for Marengo county, and ordered the sheriff to deliver him to the hirer of convicts, one W. H. Grayson, in whose custody he was, when he applied to the probate judge for a discharge, on the ground that the sentence to hard labor for the county for a longer period of time than two years is illegal and void. The probate judge refused to discharge the petitioner, and he here renews his application for his discharge.

Eugene McCaa, for petitioner.

BRICKELL, C. J.—It is not the office of a *habeas corpus* to obtain the correction of errors or irregularities in the judgments of courts of superior or inferior jurisdiction. An appeal, or a writ of error, is the only mode of redressing or obtaining relief from error or irregularity.—Code of 1876, §§ 4961–62. *Illegality*, as distinguished from mere irregularity, rendering the proceeding voidable only, not absolutely void, a usurpation, or excess of jurisdiction apparent on the face of the proceeding, will entitle a party restrained of his liberty to a writ of *habeas corpus*, and to discharge from imprisonment.—*Ex parte McKivett*, 55 Ala. 336.

The Circuit Court had jurisdiction of the indictment against the petitioner, and jurisdiction to proceed to a final trial. The statute defining the offense, declares the punishment shall be imprisonment in the penitentiary, or hard labor for the county, for not less than one nor more than twenty years.—Code of 1876, § 4343. The term of imprisonment, or of hard labor, it is the province of the court, not of the jury, to fix.—Code of 1876, §§ 4484–4506. Another section of the Code provides, that when the term of imprisonment, or of hard labor for the county exceeds two years, the sentence must be to imprisonment in the penitentiary.—Code of 1876, § 5450. With these statutes in force, it is obvious, it was a question the court had full jurisdiction to determine, and was bound to determine, whether they were inconsistent, and whether the later statute, § 4450, operated a repeal of so much of § 4343, as authorized the sentence of the petitioner to either imprisonment in the penitentiary, or to hard labor for the county, the term exceeding two years. Having jurisdiction to determine the question, it is also obvious that

though the court may have erred in its determination, its judgment is merely voidable, not void. It is the want of power to hear and determine, or an excess of power which will render a judgment void, not error or irregularity in the exercise of the power.—Freeman on Judgments, § 135.

. The sentence pronounced against the petitioner is erroneous, and if the cause was before us on error, it would be reversed and cause remanded, that sentence should be pronounced for his imprisonment in the penitentiary, instead of hard labor for the county. If the writ of *habeas corpus* was awarded, his discharge would be the only judgment which could be pronounced. That result could be reached only by an inquiry into the *legality*, or to speak more accurately, the *regularity* of the judgment of a court legally constituted—an inquiry forbidden by the statute.

The application of the petitioner is denied.