# The State, for the use, etc., *v.* Metcalfe.

### *Action on Promissory Note.*

1. *Convicts; when contract for hire of illegal.*—In the absence of action on the part of the commissioners' court, determining in what manner and on what particular works the labor of convicts shall be performed (Code, 1876, §§ 4465, 4468), the judge of probate has no authority to act; and hence, a contract for the hire of a convict made by him, in such case, is illegal and void as against public policy, and no recovery can be had thereon against the hirer.

APPEAL from Marion Circuit Court.

Tried before Hon. H. C. SPEAKE.

This was an action of assumpsit by the State of Alabama, for the use of Marion county, against Oscar Metcalfe and James P. Pearce; and was founded on a promissory note executed by the defendants on 19th October, 1881, and payable to the plaintiff for the use, etc., on 19th December, 1882. The defendants pleaded (1) "the general issue;" (2) "want of consideration;" and (3) "special plea that the note sued on was not made in pursuance of law, but in contravention thereof."

On the trial, as shown by the bill of exceptions, the plaintiff offered in evidence the note declared on, which, omitting the signatures and date, is in these words: "On or before the 19th day of December, 1882, we or either of us promise to pay the State of Alabama, for the use of Marion county and the officers of the court, one hundred and twenty-six dollars, for the hire of Oscar Metcalfe, who was sentenced to hard labor for said county of Marion six months to pay his fine, and eight months to pay the costs against said Oscar Metcalfe, at the fall term of the Circuit Court of Marion county, Alabama." It was shown that the Oscar Metcalfe mentioned in the body of the note was a different person from the defendant bearing the same name. In connection with the note the plaintiff offered in evidence "the record of the prosecution, conviction and sentence of Oscar Metcalfe for the offense of an assault and battery," had in said court, which is set out in the bill of exceptions, and shows that the said Metcalfe was indicted for carnally knowing or abusing in the attempt to carnally know a designated female under the age of ten years, and that on 8th October, 1881, a judgment was entered, which, after reciting the appearance of the parties, proceeds: "And the defendant

having been arraigned by having the indictment read to him, for plea thereto, says, he is guilty of a simple assault, and the solicitor, by consent of the court, accepts said plea; and the defendant, being asked if he had any reason to give why the sentence of the law should not be pronounced against him, says nothing. It is thereupon ordered by the court that the defendant be and he hereby is sentenced to hard labor for the county of Marion for the term of six months, as a punishment for said offense; and the cost appearing to be one hundred and four 85–100 dollars, it is further ordered that he be sentenced to hard labor for said county for an additional term of eight months to pay the costs of said prosecution." The plaintiff also offered to prove in connection with said note, that on the day of the conviction the said Metcalfe was remanded to jail, where he remained until 19th October, 1881, when the defendants " entered into contract with, and hired said convict from " the judge of probate of said county, and executed and delivered to him the note sued on " for the hire and services of said convict for the term of his said sentence ; " and that thereupon the sheriff delivered said convict to them, and they " took him and worked him and had the benefit of his services under said contract of hire as a convict to hard labor for the county of Marion during the term of said sentence." It was admitted by the plaintiff that " the court of county commissioners of said county had made no order regulating the kind of work that county convicts should be employed at, nor the manner of hiring them under section 4468 of the Code of Alabama, after the year 1878 or 1879 up to the time of hiring said convict."

On the defendants' objection, the court refused to allow said note to be read to the jury, and the plaintiff excepted, he taking a nonsuit with a bill of exceptions. This ruling of the court is here assigned as error.

H. C. TOMPKINS and T. B. NESMITH, for appellant.

WM. R. SMITH and J. B. SANFORD, contra.

SOMERVILLE, J.—The contract sued on was clearly void for illegality. Its consideration is shown to have been the hire of a convict, who had never been legally sentenced to perform hard labor. The hiring was done by the probate judge, without any order or authority of the commissioners' court, which alone had the power to authorize it. The whole system of hard labor for the several counties is placed by statute under the superintendence and control of the court of county com- · missioners, who are required to "determine in what manner

and on what particular works the labor shall be performed." Code, 1876, §§ 4465, 4468. In the absence of any action by this body, the probate judge is without any power to act in such matters.—Code, § 4469. The act of hiring, therefore, was illegal, and the contract to pay for the convict's services was void as against the public policy. No plaintiff can recover when he requires aid from an illegal transaction in order to establish his cause of action. He must fail unless he can prove his cause without being "obliged to lay the foundation of his action in his own violation of the law."—*Ala. G. S. Railroad Co. v. McAlpine*, 71 Ala. 545; *Way v. Foster;* 1 Allen, 408; *Gunter v. Lecky*, 30 Ala. 591; 1 Whart. Law Contr. § 340.

The rulings of the circuit court are in harmony with these views, and its judgment must be affirmed.