# *Ex Parte* Buckalew.

## *Application for Writ of Habeas Corpus.*

1. *Order for hiring of county convicts.*—While the statute provides that convicts sentenced for felonies shall not be worked or confined with those who are sentenced for misdemeanors not involving moral turpitude (Code of 1886, § 4658), it does not require that the order of the court letting them to hire shall so declare, but operates on the contract and the manner of its execution.

2. *Escape by hired convict, and re-arrest.*—A hired county convict having escaped, and, after re-arrest, being delivered into the custody of a lawful contractor, he is not entitled to be discharged because his first detention was illegal or unauthorized.

3. *Sentence to hard labor; length of term.*—Under a sentence to hard labor for the county, specifying the number of days, but not fixing the time at which it shall begin, the term does not expire until the convict has been at hard labor for the full number of days; and if he escapes during the term, the time elapsing before he is re-arrested is to be deducted.

APPEAL from Chambers Circuit Court.
Heard before Hon. J. W. LAPSLEY.

J. R. DOWDELL, for petitioner.

THOS. N. McCLELLAN, Attorney-General, *contra.*

CLOPTON, J.—The right to a discharge is founded on the following facts: The petitioner Buckalew, having been convicted, in July, 1887, of assault and battery, and sentenced to hard labor for the county for a definite number of days, was turned over to Trammell, who had made a contract with the court of county commissioners for the hire of county convicts, in pursuance of an order of the court made in December, 1885, which is as follows: "It is ordered that the county convicts for a term of three years from the first of January, 1886, be let to R. J. Trammell at the rate of nine dollars each per month, and that J. J. Robinson, Judge of Probate, be authorized to have a proper contract executed for them." In August, succeeding his conviction, the petitioner escaped from the custody of the contractor, was re-arrested in March, 1888, and then turned over to Pace, who had made in November, 1887, a contract with the court of county commissioners for the hire of convicts sentenced for the commission of misdemeanors, not involving moral turpitude, under another and different order of that date. The validity of the order of November, 1887, and of the contract with Pace, made in pursuance thereof, is not assailed. But, it is insisted that the confinement of the petitioner by Trammell was illegal, from which he had a right to escape, on the ground, that the order, in pursuance of which his contract was made, was void, and, and having rightly escaped, that the petitioner could not be re-arrested and compelled to labor for the term of his sentence.

By statute, hard labor for the county includes labor on the public roads, public bridges, and other public works in the county; and authorizes the court of county commissioners to let the convicts to hire to some other person or corporation, to labor any where within the State. When the court establishes a system of hard labor, which provides that the convicts shall labor on the public works in the county, the court is required to determine in what manner, and on what particular works the labor shall be performed. Such determination is not requisite when they are let to hire. In such case, general terms are sufficient.—Code, 1876, §§ 4465–66; *Ex parte Crews*, 78 Ala. 457. When the system of letting to hire is adopted, the requirement of the act of February 17, 1885 (Code, 1886, §4658), that convicts, sentenced for the commission of misdemeanors, not involving moral turpitude, and convicts sentenced for the commission of felonies, shall not be worked together, nor confined in the same room

or apartment, is not jurisdictional.  It operates on the contract, and on the manner of its execution by the contractor. The order, authorizing letting to hire, may be general in its terms, and silent in this respect; and there may be but one contractor for both classes of convicts, and one contract, if it substantially conforms to the statutory regulations.—*Ex parte White*, 81 Ala. 80.  The statute provides that any contract for the hire of county convicts must express the kind of labor and the place at which it is to be performed; and such convict must be restricted to such place and labor, unless changed upon the recommendation of the court of county commissioners.  The contract with Trammell is not produced, and it is neither alleged nor shown that it did not conform to the statutory requirements, nor that the petitioner was worked together with convict felons.  In the absence of such averments and proof, we must presume on this application, that a proper and lawful contract was executed as provided by the court of county commissioners, and that the petitioner was confined and worked in the manner required by the statute.  The order can not be pronounced void in this mode of attack; and neither the contract nor the manner in which the petitioner was worked or confined being shown to be illegal, we can not declare that his punishment was unlawful, or that his escape was justifiable.

It is not controverted, that the court of county commissioners in November, 1887, having determined that the interest of the county required that persons convicted of misdemeanors be hired outside of the county, made a proper and valid order to let the county convicts to hire, to work as agricultural laborers on a farm, and that in pursuance of this order, a sufficient contract was made with the respondent, Pace, who has the petitioner in custody, for the hire of all convicts sentenced for misdemeanors not involving moral turpitude.  If it were conceded that the petitioner escaped from an unlawful imprisonment, it does not follow that he is entitled to a discharge from his present custody.  In *Ex parte Crews, supra*, the prisoner, who had been sentenced to hard labor for the county, was imprisoned in the county jail, and was discharged, because no system of hard labor adapted to his offense had been established at the time of his discharge. Had such system been provided, he would have been discharged from the unlawful imprisonment, but remanded to the proper custodian.  The petitioner did not resort to his legal remedy, and was not lawfully discharged.  He took

[Ex parte Boscowitz.]

the matter into his own hands, determined for himself the illegality of his punishment, and voluntarily escaped. A system of hard labor, adapted to his offense, having been established prior to, and being in operation at the time of, his re-arrest, he could be lawfully required to perform hard labor for the time prescribed by the sentence.

It is, however, further insisted, that the petitioner should be discharged, on the ground that the term for which he was sentenced has expired by lapse of time, though by reason of his escape, he has been at hard labor for less time than he was sentenced. When one is sentenced to punishment of death, and it is not executed on the day fixed by the sentence, the judgment continues in force, and the court may fix another day.—*Aaron v. State*, 40 Ala. 307. Also, where a convict, who has been sentenced to imprisonment, escapes and is re-arrested, he may be imprisoned for the full term of his sentence, deducting the time of his absence.—*Dolan's Case*, 101 Mass. 219; *Cleek v. Com.*, 21 Gratt. 777; 1 Bish. Crim. Pro. §§ 1382–85. The substance of the sentence is, that the petitioner shall be put to hard labor for the actual number of days prescribed, and no time is fixed as to when the term shall begin. The sentence of the court does not expire until the prisoner has been at hard labor for the full period adjudged against him.

Application denied.