# CASES

# SUPREME COURT OF ALABAMA,

## DECEMBER TERM, 1888.

## Herrington v. The State.

*Indictment for Embezzlement of County Revenue.*

## Ex parte Herrington.

*Application for Discharge from Custody on Habeas Corpus.*

1. *Embezzlement of public revenue; sentence to imprisonment in penitentiary.*—Under the provisions of the statute approved March 6th, 1876, embezzlement of the public revenue was punishable by fine and imprisonment in the penitentiary "not less than one year," one or both, at the discretion of the court (Code, 1876, § 4275) ; but, by a statute approved on the next day, regulating the punishment of felonies (*Ib.* § 4450), when the sentence to imprisonment "is for twelve months or less," it must be in the county jail, and not in the penitentiary ; and this latter statute controls a sentence to imprisonment under the former.

2. *Judgment reversed, as to erroneous punishment only.*—The defendant and petitioner in this case having been convicted of felony, and erroneously sentenced to the penitentiary for twelve months, instead of the county jail, this court, reversing the judgment, will not order his discharge, but will reverse the judgment back to the sentence ; nor will it correct and render final judgment, though requested by counsel by agreement entered of record.

FROM the Circuit Court of Conecuh.

Tried before the Hon. JOHN P. HUBBARD.

The defendant and petitioner in this case, W. H. Herrington, was indicted for embezzlement; the indictment being found in October, 1886, and charging, in different counts, embezzlement of the county revenues, and embezzlement by an agent or bailee. Being duly arraigned and put on his trial, the defendant pleaded guilty to the first count in the indictment, and a *nolle-pros.* was entered as to the others; and the

1

[Herrington v. The State.]

court thereupon rendered judgment sentencing him to imprisonment in the penitentiary for the term of one year. The defendant afterwards moved to correct and amend this judgment, on the ground that he could not be lawfully sentenced to the penitentiary for a term of twelve months; but the court overruled and refused the motion. On this judgment he then sued out a writ of error to this court, and here assigned the judgment as error; and he also applied by petition for a writ of *habeas corpus*, to procure his discharge from custody. The two cases were argued and submitted together.

N. STALLWORTH, JOHN GAMBLE, and H. A. HERBERT, for the petitioner and plaintiff in error, cited *Gunter v. State*, 83 Ala. 101; *Ex parte McKivett*, 55 Ala. 236; *Ex parte Crews*, 78 Ala. 457; *State v. Metcalf*, 75 Ala. 42; *Smith v. State*, 76 Ala. 69.

W. L. MARTIN, Attorney-General, for the State, cited *De-Bardelaben v. State*, 50 Ala. 179; *Bradley v. State*, 69 Ala. 318; 2 Brick. Digest, 463, §§ 44–5; 3 *Ib.* 749, § 28.

STONE, C. J.—The petitioner for *habeas corpus*—appellant in the case on error—was indicted for embezzlement under section 4275 of the Code of 1876, pleaded guilty, and was convicted. Up to this point, it is not complained that the trial court committed any error. Only the judgment of the court is complained of. The defendant was sentenced to confinement in the penitentiary for one year.

The statute under which the defendant was tried and convicted was a section of the Revenue Law, approved March 6, 1876.—Sess. Acts, pp. 84–5. Its language is: "That if any officer, or person, knowingly converts or applies any of the revenue of the State, or of any county thereof, to his own use, or to the use of any other person, he shall be deemed guilty of a felony, and, upon conviction thereof, must be fined not less than two hundred, nor more than one thousand dollars, and be imprisoned in the penitentiary not less than one year, one or both, at the discretion of the court trying the same; and the prosecution therefor may be commenced at any time within six years from the time of such conversion."

On the next day, March 7, 1876, the act was approved, fixing a new grade of punishment of persons convicted of

[Herrington v. The State.]

felonies.—Sess. Acts, 287.    That statute was carried into
the Code of 1876 as section 4450, and is as follows:    "And
in all cases in which the period of imprisonment or hard labor
is more than two years, the sentence must be to imprison-
ment in the penitentiary; and in all cases of convictions for
felonies, in which the imprisonment or hard labor is for
more than twelve months, and not more than two years, the
judge may sentence the party to imprisonment in the peni-
tentiary, or confinement in the county jail, or for hard labor
for the county, at his discretion; and in all cases in which
the imprisonment or sentence to hard labor is for twelve
months or less, the party must be sentenced to imprisonment
in the county jail, or to hard labor for the county."

Our interpretation of these statutes is, that the one last
approved dominates the other, and that when the punishment
imposed does not exceed one year in duration, there is no
power to imprison in the penitentiary, in a case circumstanced
as this is.—*Gunter v. State*, 83 Ala. 96.    This rule would
probably not apply, if the statute defining the punishment
for the crime had been later in date than the one which fixed
the grades of punishment.    The doctrine of implied repeal,
by later expression of legislative will, would probably pre-
vail in such case.

It is contended that, because the Circuit Court exceeded
its authority in the matter of fixing the punishment, the pris-
oner should be absolutely discharged.    We can not agree to
this.    He is subject to punishment, and rightly in custody.
The only error is in declaring the kind of punishment he
shall undergo.    The law has declared what kind of punish-
ment may be inflicted on him, and there is not shown to have
been any obstacle in the way of its infliction.—*Ex parte
Simmons*, 62 Ala. 416.

When there is no power to impose either imprisonment or
hard labor, or when the punishment the statute authorizes
can not be carried into effect, by reason of the failure of the
proper authorities to make the necessary orders, or to pro-
vide the necessary machinery for its enforcement, then
restraint may, and sometimes does, become unlawful, and
the prisoner will be discharged.—*Ex parte McKivett*, 55 Ala.
236; *State, use, v. Metcalf*, 75 Ala. 42; *Ex parte Crews*,
78 Ala. 451; *Ex parte Buckalew*, 84 Ala. 460.

The judgment in this case, fixing the penalty, must be,
and is reversed, but the prisoner will not be discharged.

Counsel on each side desire, and have so indorsed on the

transcript, that if this case is reversed, and the prisoner not discharged, the cause shall not be remanded for sentence, but that this court proceed to render the proper sentence. We think we have no power to do so. The statute lodges that discretion with the Circuit Court, not with us. We can not know whether that court would elect to impose imprisonment in the county jail, or hard labor for the county, nor whether it would be content with a term of one year in any form of punishment other than imprisonment in the penitentiary. That whole subject the law confides to him. Nor can we know what rate *per diem* the court would allow the prisoner in working out the judgment for costs.—Code of 1876, § 4731; Code of 1886, § 4504.

The judgment of the Circuit Court is reversed, back to the conviction—no farther—and the cause remanded, that the Circuit Court may render the proper sentence.—*Ex parte Simmons*, 62 Ala. 416.

Reversed and remanded.