# Flowers. *v.* The State

### *Habeas Corpus.*

(Decided June 19, 1912. 59 South. 238.)

1. *Habeas Corpus; Grounds.*—A writ of habeas corpus cannot be made to take the place of an appeal or writ or error.

2. *Same; Scope of Writ.*—Where jurisdiction has attached, but there has been a departure or a neglect to observe the prescribed mode of procedure or practice, the process or judgment is merely irregular, and it is not within the function of a writ of habeas corpus to correct it, however gross may be the irregularity.

3. *Same; Judgment; Collateral Attack.*—A writ of habeas corpus to obtain a petitioner's release from a judgment sentencing him to hard labor is a collateral attack, and can only be sustained by showing that the judgment was absolutely void as distinguished from a mere irregularity.

4. *Judgment; Irregularity; Collateral Attack.*—Where the petitioner was charged with violating a city ordinance prohibiting petit larceny, and was convicted and fined $15 and costs, and sentenced to hard labor on the street, as an additional punishment, the judgment was irregular in imposing hard labor in addition to the fine instead of sentencing to hard labor for the fine, but such irregularity did not render the judgment void, or subject to collateral attack.

5. *Criminal Law; Corpus Delicti; Proof.*—There can be no conviction of a felony in the absence of evidence tending to establish the corpus delicti, except on a judicial confession by the defendant; but where such defect does not appear of record the conviction cannot be declared void for that reason, either on appeal or by habeas corpus.

6. *Same; Appeal; Nature of Remedy.*—Where a defendant is charged with petit larceny in violation of a city ordinance, and the proof

shows that he was guilty of grand larceny, and on such evidence he was convicted of petit larceny, his remedy was by appeal, and having failed to appeal he could not, in a collateral proceeding, be heard to impeach the judgment which the recorder had jurisdiction to render.

APPEAL from Pike Probate Court.

Heard before Hon. ALEX C. EDMUNDSON.

Petition by Ben Flowers on habeas corpus to be discharged from custody. From an order denying the writ, petitioner appeals. Affirmed.

D. A. BAKER, for appellant. The rule is that where the evidence discloses a felony has been committed, the justice or recorder trying the case should commit the defendant to answer to the next term of the circuit or city court, and hence, the judgment here rendered was void.—Acts 1907, p. 825; 2 Ala. App. 116. The sentence was void.—*Adams v. City of Troy,* 1 Ala. App. 554; Sections 1216 and 1218, Code 1907.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The writ of habeas corpus is not the remedy for the correction of irregularities, or informality in the judgment or proceedings.—*Ex parte McKivett,* 55 Ala. 236; *Ex parte Pearce,* 111 Ala. 99; *Ex parte Hale,* 1 Ala. App. 528. An appeal was the proper remedy. Under the evidence the defendant was not entitled to his discharge.—*Ex parte Champion,* 52 Ala. 211; *Ex parte West,* 100 Ala. 65.

DE GRAFFENRIED, J.—A writ of habeas corpus cannot be made a substitute for an appeal or writ of error.—*Ex parte Haley,* 1 Ala. App. 528, 56 South. 245.

The petitioner was charged with a violation of an ordinance of the city of Troy, the specific offense with which he was charged being petit larceny, which, by an ordinance, is made an offense against the city. He was fined $15 and costs, and as additional punishment was

sentenced to hard labor upon the streets of the city. The judgment was irregular in that the defendant, not having paid the fine and costs, should have been sentenced to hard labor for their payment; but this irregularity did not render the sentence to hard labor for 60 days as additional punishment void.—*Ex parte Haley,* 1 Ala. App. 528, 56 South. 245.

To successfully attack a judgment collaterally—and the present proceeding is a collateral attack—the judgment must be illegal and void, and not merely irregular or erroneous.—*Davis v. State,* 153 Ala. 73, 45 South. 164; *Towery v. State,* 143 Ala. 61, 39 South. 310.

"The general principle, then, prevails, that when a record or process is collaterally assailed, it must be for *illegality,* not for *error or irregularity.* \* \* \* If the jurisdiction had not attached—if the *process* or *judgment* is, therefore, without authority of law—it is not only *irregular, but illegal.* But if *jurisdiction* has attached, and there is a departure from, or neglect to observe, the prescribed mode of procedure, the process or judgment is merely irregular. However *gross* may be the *irregularity,* the correction of it is not the function of a writ of habeas corpus prosecuted under the statute." —*Kirby v. State,* 62 Ala. 54; *Ex parte Merlet,* 71 Ala. 373; *Ex parte Pearce,* 111 Ala. 99, 20 South 343.

It is a familiar principle of the law that there can be *no conviction* of a felony when there is *no* evidence tending to establish the corpus delicti except upon a judicial confession of the defendant. Nevertheless it has been held that, even on *appeal,* the fact that there was *no* evidence tending to establish the corpus delicti in a criminal prosecution, unless the record presents that *fatal defect* in the evidence in some appropriate way for review, cannot avail the defendant.—*Woodson v. State,* 170 Ala. 87, 54 South. 191; *Jones v. State,* 2 Ala. App.

240, 57 South. 62. Certainly if, on an *appeal* in such a criminal case, an appellate court, under such circumstances, cannot aid a defendant then no court can, upon a collateral attack— as upon a petition for a writ of habeas corpus—declare a judgment of a competent tribunal void for this reason.

The affidavit and warrant charged the petitioner with the violation of a valid ordinance of the city of Troy. When the defendant was placed upon trial, the recorder, under the law, had jurisdiction of the offense with which the petitioner was charged and of the petitioner himself. If the evidence disclosed that the petitioner was *not guilty of petit larceny,* but of grand larceny, and the recorder, in the teeth of the evidence, convicted the petitioner of petit larceny—if, as claimed by the petitioner, there was a variance between the allegations and the proof—the law furnished him with a remedy. He had the right to appeal to another court, where, under the law, he could and would have obtained a trial *de novo* and thus have obtained relief. Having failed to do this, he cannot be heard, by parol evidence, to impeach, in a collateral proceeding, a judgment which the recorder had the jurisdiction to render. If such a proceeding was available, the judgments of courts would be of little value. While irregularities appear upon the face of the judgment, these irregularities do not render the sentence of the defendant to hard labor upon the streets of Troy for 60 days void.—*Ex parte Haley, supra.*

The judgment of the court below is affirmed.

Affirmed.