(79 South. 240)

EVANS v. STATE. (8 Div. 93.)

(Supreme Court of Alabama. June 20, 1918.)

1. JURY ⬦47—VENIRE—JURORS NOT WITHIN DISTRICT.

Where that part of Acts 1909 (Sp. Sess.) p. 16, § 7, requiring that jurors for the Guntersville court subdivision be drawn from the whole of Marshall county, was repealed by General Jury Law, §§ 25, 32, which provides further that a court established for territorial subdivisions must draw its jurors from that subdivision, an objection to a venire and jury which included nonresidents of the Guntersville court subdivision should be sustained.

2. WITNESSES ⬦406 — IMPEACHMENT — CONTRADICTION.

Where the unmarried daughter of defendant testified that she informed her father shortly before the killing that she was pregnant by deceased, and further testified that she had had sexual intercourse with no other men than deceased, evidence of a physician that he had treated the daughter for gonorrhea prior to the first act of intimacy with deceased was admissible to contradict her testimony.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Henry Evans was convicted of murder, and appeals. Reversed and remanded.

C. B. Kennamer and John A. Lusk, both of Guntersville, for appellant. F. Loyd Tate,

Atty. Gen., and David W. W. Fuller, Asst. Atty. Gen., for the State.

SOMERVILLE, J. [1] The effect of the act approved August 18, 1909 (Sp. Sess. Acts 1909, p. 16) was to divide Marshall county into two separate and distinct circuit court districts, the division sitting at Albertville having exclusive jurisdiction within its specified territory, and the division sitting at Guntersville having exclusive jurisdiction within the remainder of the county. No other purpose can be imputed to the act. By its express terms the act required that the petit jurors for the Albertville division should be drawn from the regular jury boxes for the whole county, and by necessary implication retained for the Guntersville division the same source of supply, viz. the general box containing the names of the qualified jurors of the whole county. But section 25 of the Jury Law of 1909 (Sp. Sess. Acts 1909, pp. 305, 316), construed in connection with section 32 thereof, repealed all local and special laws relating to juries, and provided that courts requiring grand and petit juries, "established for and held in a territorial subdivision of the county," should draw their jurors from a box containing "only the names of the jurors residing in that territory."

The defendant was tried at Guntersville by a jury selected from a special venire drawn from a box containing the names of the qualified jurors residing in the whole county, and some of the jury were at the time of their drawing, and at the time of the trial, residents of the Albertville territorial division of Marshall county. The venire was therefore illegally drawn, and the jury that tried defendant was unlawfully constituted. Defendant made seasonable objection to the venire, and also to the particular jurors residing in the Albertville district, which should have been sustained by the trial court, and the denial of which must work a reversal of the judgment.

In the recent case of Kuykendall v. State (App.) 76 South. 487, the Court of Appeals so ruled upon this identical question in a case wherein the defendant was convicted in the Albertville division of the circuit court by a jury selected from a venire drawn from the entire county, and containing the names of jurors residing in Guntersville district. See, also, the opinion of De Graffenreid, J., in the case of Shell v. State, 2 Ala. App. 207, 56 South. 39, where the general subject is fully discussed.

[2] Defendant was charged with the murder of a young man, who, as the evidence tended to show, had been intimate with defendant's unmarried daughter, and by whom she was pregnant—facts communicated by her to defendant a day or two before the killing. Defendant's daughter testified in his behalf, and stated that she had never indulged in sexual intercourse with any one other than the deceased. On cross-examination she stated that her first act of intimacy with deceased was in 1913. The state was allowed to show by a physician that he treated the witness for gonorrhea in 1908 or 1909. Although this fact was not known to defendant, and hence was not admissible as affecting his state of mind in regard to the deceased's supposed wrongful treatment of his daughter, yet it was clearly relevant as tending to contradict her statement that she was innocent of sexual indulgence with other men prior to her intimacy with deceased.

We have examined all the rulings complained of with respect to the admission of evidence and the refusal of charges to the jury, and find no error therein prejudicial to defendant, and nothing which justifies further discussion.

For the error noted, let the judgment be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.