(79 South. 270)

HARRIS v. STATE. (8 Div. 592.)

(Court of Appeals of Alabama. June 29, 1918.)

1. JURY ☞47—RESIDENCE—OUTSIDE JURISDICTION.

A motion to quash the venire in a homicide case because the jurors' names were not drawn from a jury box containing only names of persons residing in the territorial jurisdiction of the court was improperly denied.

2. CRIMINAL LAW ☞696(6)—TRIAL—EXCLUSION OF EVIDENCE.

In a murder trial after testimony has been given without objection, in regard to threats against the defendant by deceased, together with other attendant circumstances, a motion to exclude all the testimony except that of threats comes too late.

3. CRIMINAL LAW ☞696(7) — STRIKING OUT EVIDENCE—ATTENDANT · CIRCUMSTANCES.

In a murder trial, where testimony regarding threats by deceased against defendant was given, together with other attendant circumstances not directly pertaining to the defendant, all the testimony except that of threats is properly excluded.

4. CRIMINAL LAW ☞696(9).— STRIKING OUT EVIDENCE—EVIDENCE ADMISSIBLE IN PART.

In a murder trial after testimony is given regarding threats by deceased against defendant together with other attendant circumstances, a court ruling sustaining a motion to exclude all the evidence except that of threats should state clearly to the jury the portion excluded.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

John Harris was convicted of murder, and he appeals. Reversed and remanded.

The motion to quash the venire was based on the following grounds:

(1) Because the jury box from which the regular and special venire was drawn was made up from names of jurors residing in that part of Marshall county outside of the territorial jurisdiction of the Guntersville court.

(2) The regular and special venire were drawn from a box in which the names of jurors from all parts of Marshall county were deposited, and not from a jury box made up of the names of jurors residing in the territorial jurisdiction of the Guntersville subdivision of the circuit court of Marshall county.

Rayburn & Wright, of Guntersville, for appellant. F. Loyd Tate, Atty. Gen., and Emmett S. Thigpen Asst. Atty. Gen., for the State.

BRICKEN, J. [1] The action of the court in denying the motion to quash the venire was error. Kuykendall v. State, ante, p. 197, 76 South. 487; Shell v. State, 2 Ala. App. 207, 56 South. 39; Henry Evans v. State, 201 Ala. 693, 79 South. 240. This necessitates that the judgment of conviction be reversed and the cause remanded.

[2-4] On the trial the defendant introduced one John Parks who testified in detail, and without objection, as to threats made by deceased against the defendant and also as to other attending circumstances and matters not pertaining directly to the defendant. At the conclusion of this witness' testimony, the court sustained a motion to exclude all of his testimony except that of threats. While under the general rule of evidence this motion came too late, and for that reason should have been overruled, the ruling of the court upon the merits of the motion was in accord with the strict rule heretofore adhered to, of exclusion in respect to the attendant circumstances of threats made previous to the occasion of the act charged. Smith v. State, 183 Ala. 10, 62 South. 864, and cases cited. However, the criticism of the appellant that this ruling of the court as made left the question as to what portion of this witness' testimony was still before the jury and what part went out a matter of considerable doubt seems to be well taken, because it left to the jury the legal duty of determining what part of the evidence constituted threats. This was a question of law for the court. The better and only safe practice in excluding a portion of a witness' testimony is for the court to clearly state the part excluded and which is not to be considered by the jury, and also make clearly known that portion of the testimony which is still in evidence, and left for their consideration. This was not done in the instant ruling of the court,

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 138.

but in all probability the same condition in this respect will not occur upon another trial.

As this case will necessarily have to be reversed because of the error above indicated, we are of the opinion that it will serve no good purpose, and that it is not necessary to deal with the numerous charges refused to the defendant, an examination of which discloses no new or novel principle of law. The oral charge of the court, to which no exception was reserved, covers about 13 pages of the transcript; this charge appears to be very full and thorough, and is an able and careful presentation of the principles of law involved in this case. In addition to the oral charge, the court gave at the request of the defendant 21 special charges, and it appears from an examination that the principles of law embodied in the refused charges, such of them as have not heretofore been condemned and held to be bad, were fully, fairly, and substantially covered by the oral charges of the court.

For the error pointed out, the judgment of the lower court is reversed, and the cause is remanded.

Reversed and remanded.