### HARDEMAN v. STATE. (6 Div. 278.)

(Court of Appeals of Alabama. Feb. 5, 1924.)

**1. Courts ⬅42(1)—Statute establishing Bessemer division of circuit court of Jefferson county held constitutional.**

Act of the Legislature approved August 18, 1919 (Loc. Acts 1919, p. 62 et seq.), establishing the Bessemer division of the circuit court of Jefferson county, is constitutional.

**2. Jury ⬅47—May be drawn from territorial jurisdiction of circuit court, instead of from whole county.**

A contention that the jury who tried a man for manslaughter should be drawn from the qualified voters of the county, instead of being limited to the territorial jurisdiction of the circuit court, *held* without merit.

**3. Habeas corpus ⬅3, 96—Mere irregularities in procedure not available under petition for writ; remedy for refusal to correct bill of exceptions stated.**

Mere irregularities in proceedings cannot be presented under a petition for writ of habeas corpus, and accused's remedy, where the court refuses to correct the bill of exceptions, is to establish same under Code 1907, § 3022, as amended by Acts 1915, p. 816.

**4. Habeas corpus ⬅4—Not substitute for appeal.**

A petition for a writ of habeas corpus cannot be made a substitute for an appeal.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Bob Hardeman was convicted of manslaughter in the first degree, and appeals and petitions for writ of habeas corpus. Petition denied; affirmed.

Pinkney Scott, of Bessemer, for appellant.

The court trying this cause is not a constitutional court, and not authorized by law to hold or try this defendant. Acts 1915, pp. 280, 549, 809; Acts 1919, pp. 525, 260, 1039; Local Acts 1919, p. 62.

Harwell G. Davis, Atty. Gen., and O. B. Cornelius, Asst. Atty. Gen., for the State.

Habeas corpus cannot be substituted for an appeal. Minto v. State, 9 Ala. App. 95, 64 South. 369; Ex parte Minto, 187 Ala. 671, 65 South. 516; Selma v. Till (Ala. Sup.) 42 South. 405; Cunningham v. State, 15 Ala. App. 644, 74 South. 747; Smith v. State, 4 Ala. App. 210, 58 South. 117; 8 Michie's Ala. Dig. 7; Flowers v. State, 4 Ala. App. 221, 59 South. 238; Ex parte Bizzell, 112 Ala. 210, 21 South. 371; Bray v. State, 140 Ala. 172, 37 South. 250; Davis v. State, 153 Ala. 73, 45 South. 154. The jury should be drawn from the territorial subdivision over which the Bessemer court has jurisdiction. Acts

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

1909, p. 316; Acts 1919, p. 525; Evans v. State, 201 Ala. 693, 79 South. 240.

BRICKEN, P. J. This appeal is upon the record proper, without bill of exceptions. The record shows that on March 12, 1923, the defendant was convicted of the offense of manslaughter in the first degree, the jury fixing his punishment at seven years' imprisonment in the penitentiary. Judgment of conviction and sentence of defendant was duly entered, from which this appeal is taken. The record has been examined and all the proceedings shown thereby appear to be regular and without error. The judgment appealed from is therefore affirmed.

[1, 2] Accompanying this appeal and as a part of the same transcript there appears what purports to be an original petition for writ of habeas corpus. Nothing appears therein, however, which would authorize this court in granting the relief sought. By the petition itself it clearly appears that the defendant is held in custody by virtue of the judgment of conviction for manslaughter. The court had jurisdiction of the person and the subject-matter; the judgment rendered, therefore, is a valid judgment. The insistence that the Bessemer division of the circuit court of Jefferson county is unconstitutional is without merit, as is also the contention that the jury who tried this case should have been drawn from the qualified jurors of the entire county of Jefferson, instead of within the territorial jurisdiction of said court. Kuykendall v. State, 16 Ala. App. 197, 76 South. 487; Shell v. State, 2 Ala. App. 207, 56 South. 39; Evans v. State, 201 Ala. 693, 79 South. 240; Harris v. State, 16 Ala. App. 509, 79 South. 270; Acts Sp. Sess. 1909, p. 316, § 25.

The Bessemer division of the circuit court of Jefferson county, by virtue of an act of the Legislature approved August 18, 1919 (Loc. Acts 1919, p. 62 et seq.), is given express power to exercise and possess all of the jurisdiction and powers which are or may be conferred by law on the several circuit courts of this state, and the act provides further that said jurisdiction and powers of said court shall be exclusive in, limited to, and shall extend over that portion of the territory of the county of Jefferson which is included in the following precincts, to wit: 1, 2, 3, 4, 5, 7, 24, 27, 33, 35, 40, 41, 49, 51, 53, and 55, as said precincts were constituted at the time of the passage and approval of said act. As stated, the jurisdiction of said court over the designated territory is exclusive, and the act expressly provides that from and over the above mentioned and described territory all jurisdiction and powers heretofore or at the time of the passage and approval of said act exercised or existing therein by the circuit court of the Tenth judicial circuit, as held at Birmingham, is expressly excluded. In other words, the effect of the act of the Legislature, supra, was to divide Jefferson county into two separate and distinct circuit court districts; the Bessemer division, sitting at Bessemer, having sole and exclusive jurisdiction within the territory above specified.

[3, 4] The several insistences of error undertaken to be presented in the petition for habeas corpus have no place in said petition; it being admitted that the petitioner is held under the judgment and sentence of the Bessemer division of the Jefferson circuit court. The only matter that could be inquired into by a petition for writ of habeas corpus is the jurisdiction of that court to render the judgment, and mere irregularities in the proceedings cannot be presented and are not available under a petition for writ of habeas corpus. Bray v. State, 140 Ala. 172, 37 South. 250.

Many matters set out in the said petition could be presented only by bill of exception, and if, as stated, the trial court has refused a correct bill of exceptions, the appellant's remedy would have been to establish same under the provisions of Code 1907, § 3022, as amended by act of the Legislature. Acts 1915, p. 816. A petition for writ of habeas corpus cannot be made a substitute for an appeal. Flowers v. State, 4 Ala. App. 221, 59 South. 238.

From what has been said, the writ of habeas corpus will not issue, and the petition therefor is denied. The record being free from error, the judgment appealed from will stand affirmed.

Petition denied.

Affirmed.