(107 So. 800)

### HOWTON v. STATE.   (6 Div. 831.)

(Court of Appeals of Alabama. Dec. 15, 1925. Rehearing Denied Feb. 2, 1926.)

Criminal law ⬅️108(1).

Where affidavit was made before, and warrant of arrest issued from, inferior court of Bessemer, case was properly tried in Bessemer division of circuit court of Jefferson county, under Loc. Acts 1923, p. 43.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Olice Howton was convicted of violating the prohibition laws, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Howton v. State, 107 So. 800, 214 Ala. 285.

Pinkney Scott, of Bessemer, for appellant.

It is essential that venue be shown. Frank v. State, 40 Ala. 9; Elsberry v. State, 52 Ala. 10; Hubbard v. State, 72 Ala. 164. The affirmative charge should have been given. Thomas v. State, 72 So. 769, 15 Ala. App. 216.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

The judge of the inferior court had authority to issue warrant returnable to the circuit court. Local Acts 1923, p. 42. The court had jurisdiction. Hardeman v. State, 99 So. 53, 19 Ala. App. 563; Dabbs v. State, 104 So. 684, 20 Ala. App. 638. The affirmative charge was properly denied. Eaton v. State, 101 So. 94, 20 Ala. App. 110.

RICE, J. Appellant was convicted of the offense of violating the prohibition laws by having whisky in his possession. The case was properly tried in the Bessemer division of the circuit court of Jefferson county upon the affidavit made before, and under the warrant of arrest issued by, the judge of the inferior court of Bessemer. Local Acts 1923, p. 43. The venue was properly proved. Hardeman v. State, 99 So. 53, 19 Ala. App. 563.

The evidence was sufficient to support the verdict returned. None of the exceptions reserved on the taking of testimony have merit. Most of them are frivolous. There is no prejudicial error anywhere, and the judgment is affirmed.

Affirmed.