243 So.2d 391

Thomas C. NICHOLAS

v.

STATE.

6 Div. 19.

Court of Criminal Appeals of Alabama.

Jan. 12, 1971.

MacDonald Gallion, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

Edward H. Saunders and James A. Holliman, Bessemer, for appellant.

PRICE, Presiding Judge.

The appellant, Thomas C. Nicholas, was convicted and sentenced to serve an eight year sentence in the state penitentiary for the crime of assault with intent to murder. From this conviction an appeal is taken.

The testimony in this case discloses that on the night of December 18, :1967, appellant's wife, Shirley, and her sister Carol Lackey, left Robey's Lounge with Paul Reaves and Jerry Sizemore. Upon returning to the lounge later in the evening, Paul Reaves parked his car in a parking area across the street. Carol Lackey and Jerry Sizemore got out of the car and began walking toward the lounge. Mrs. Nicholas remained in the automobile with Paul Reaves. Reaves had his arms around her and they were kissing. The appellant approached the car with a gun and shot Paul Reaves in the neck severing his spinal cord.

The appellant testified he approached the car with the gun to scare his wife and Paul Reaves; that Shirley Nicholas saw him and started to jump out of the automobile; that at the same time Reaves kicked the door and it hit the gun; that appellant stumbled on a loose rock and the gun fired. In addition to this testimony, appellant sought to establish the defense of temporary insanity due to his diabetic condition and his failure to take the prescribed medication on the day of the alleged assault.

The evidence presented questions for the determination of the jury and was sufficient to sustain the judgment. The defendant was not entitled to the requested affirmative charge. His motion for a new trial was properly overruled.

Officer Holliwell testified when he arrived at the scene of the shooting Jerry Sizemore had the gun in his hand. The witness was asked, "Q. Did Jerry Sizemore say anything at the time he gave you this rifle or pistol or sawed-off rifle to you?" Defense counsel objected. After ascertaining that the defendant was present when the statement was made the court overruled the objection. The witness answered "He said that if it had another shell in it, he'd kill the defendant with it. That's what Jerry Sizemore told me." Thereupon defense counsel objected and moved that the statement be excluded. The court said: "I don't see the materiality of that. I grant your motion."

 When a portion of a witness' testimony is to be excluded the better practice is for the court to state to the jury which is not to be considered. Harris v. State, 16 Ala.App. 509, 79 So. 270. While the court did not specifically instruct the jury that the witness' answer was excluded, we are of opinion the court's statement in granting counsel's motion was sufficient to direct the jury to disregard the statement.

Officer Holliwell testified he received a call to go to Robey's Lounge to investigate a shooting in the parking lot. When he arrived at the parking lot the defendant, Jerry Sizemore and several others were there. The officer asked what had happened. The defendant stated he had shot Mr. Reaves.

Counsel objected to the introduction of this evidence on the ground defendant had not been given the warnings required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. Counsel further contends that defendant's statement, made without the Miranda warnings, rendered inadmissible a subsequent written statement

made to the Jefferson County Sheriff's Department after proper warnings had been given.

Reversible error cannot be predicated on the trial court's rulings. The volunteered statement was made in response to the question asked by the officer presumably of the group standing around the automobile. Ison v. State, 281 Ala. 189, 200 So.2d 511; Miranda v. Arizona, supra.

We find no reversible error in the record. The judgment is affirmed.

Affirmed.