**STATE of Missouri, Respondent,**

v.

**Benigno R. GONZALES, Appellant.**

**No. WD 33610.**

Missouri Court of Appeals,
Western District.

May 3, 1983.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
June 28, 1983.

Fred Duchardt, Liberty, for appellant.

John Ashcroft Atty. Gen., and Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, P.J., and KENNEDY and LOWENSTEIN, JJ.

KENNEDY, Judge.

The appellant Gonzales was tried in a single jury trial for first-degree assault, § 565.050.1(2), RSMo 1978, and for resisting arrest, § 575.150.1(1), RSMo 1978. He was convicted of both offenses. He was sentenced to 15 years' imprisonment on the assault charge, and to one year's imprisonment in the county jail on the charge of resisting arrest. He appealed both convictions to this court. We reversed and remanded for a new trial the first-degree assault conviction by our decision in *State v. Gonzales,* 652 S.W.2d 719 (Mo.App.1983).

We now consider the appeal of the conviction for resisting arrest. Like the first-degree assault conviction, the conviction for resisting arrest is also to be reversed and the case remanded for a new trial.

The facts of the case may be read in *State v. Gonzales, supra.*

Defendant does not question the sufficiency of the evidence to sustain the conviction for resisting arrest.

Appellant does complain of the exclusion from evidence of the opinion of Ms. Frances Rayes that defendant in the hours before his attempted arrest by Highway Patrolman Coley, his highspeed flight through the streets and highways of North Kansas City, and the alleged assault upon Kansas City Police Officer Larry Lewis, was in a diabetic crisis; of the exclusion of the testimony of jail nurse Lillie Brokenicky that defendant had told her when he was admitted to jail that he was a diabetic; and of the exclusion of an offer of the testimony of Dr. Hill that five months after the alleged offense the defendant was a diabetic.

Section 575.150 requires that one must, to commit the offense of resisting arrest, "[*know*] that a law enforcement officer is making an arrest" and must act "for the *purpose* of preventing the officer from effecting the arrest." (Emphasis added).

The excluded testimony bore upon defendant's capacity to have knowledge and to form the purpose required by the statute.[1] It was error to exclude the offered testimony of Ms. Frances Rayes and of Nurse Brokenicky, although the court was within its discretion in excluding, on account of the remoteness in time from the time of the offense, Dr. Hill's testimony of defendant Gonzales' diabetes.

The judgment is reversed and the case is remanded for a new trial.

All concur.

---

1. This case, turning as it does upon the admissibility of evidence, does not call for us to consider whether a "hypoglycemic reaction," during which a diabetic commits an alleged offense, might be treated as a form of temporary insanity or as a species of intoxication or of a drugged condition, § 562.076, RSMo 1978, or only as bearing upon his intent in committing the overt act. See *Nichols v. State,* 46 Ala.App. 408, 243 So.2d 391 (1971), where defendant pleaded temporary insanity due to a diabetic condition; *State v. Welch,* 8 Wash.

App. 719, 508 P.2d 1041 (1973), holding that proof of psychomotor epilepsy admissible to show lack of intent, though not amounting to criminal insanity. See especially *City of Minneapolis v. Altimus,* 306 Minn. 462, 238 N.W.2d 851 (1976), where defendant claimed that ingestion of valium as prescribed by a physician had rendered him intoxicated, and that was held to be entitled to instruction on involuntary intoxication. The case is valuable for its discussion of the subject of involuntary intoxication.