# Ex parte Henry Sam.

*Petition for discharge on Habeas Corpus, after refusal by Judge of City Court.*

1. *Petit larceny ; jurisdiction of justice, and punishment of.* — A justice of the peace has jurisdiction of the offence of petit larceny, when the value of the stolen property does not exceed ten dollars; and on conviction, he may sentence the offender to hard labor for the county, for a term not exceeding twelve months.

2. *When discharge cannot be had on habeas corpus.* — When a person is in custody or confinement under the final judgment of a court of competent jurisdiction, he cannot be discharged on *habeas corpus,* on account of mere errors or irregularities, however gross, in the proceedings connected with the judgment.

THE petitioner in this case sued out a writ of *habeas corpus,* returnable on the first day of May, 1874, before the Hon. E. M. KEILS, judge of the city court of Eufaula, to procure his discharge from custody and confinement by Henry Thornton, " superintendent of the chain-gang of Barbour county." On

[Ex parte Sam.]

the hearing of the petition, it was shown that the petitioner was held in custody by said Thornton, under two judgments, rendered on the 16th of April, 1874, by E. L. Graves, a justice of the peace in and for said county, under prosecutions for petit larceny, and an order of commitment and confinement, founded on said judgments. The city judge refused to discharge the petitioner, and remanded him to the custody of the proper officer ; to which ruling and decision a bill of exceptions was reserved by the petitioner, on which he now bases his application to this court.

The original papers in the case, as made out by the justice of the peace, are made an exhibit to the bill of exceptions, and brought up to this court for inspection. They consist, in each prosecution, of an affidavit, warrant (or order of arrest), and order of confinement (or mittimus), which are as follows :

"State of Ala., Barbour Co. Before me, E. L. Graves, justice of the peace for said State and county, personally appeared Alfred Jefferson, who, being duly sworn, deposeth and says, that in said county and State, on the 16 of April, 1874, one colored man, who calls himself Henry Sam, did take his cow, *Cherry*, without his knowledge or consent.

"ALFRED X JEFFERSON.

"Sworn to and subscribed before me, this 16 Ap. 1874.

"*E. L. Graves*, J. P."

"State of Alabama, Barbour County. To any lawful officer of the State. Complaint upon oath having been made before [me] that the offence of petit larceny has been committed, and one who calls himself Henry Sam is accused thereof ; you are therefore commanded to arrest Henry Sam, and bring him before me. Dated this 16 Ap. 1874."

(Signed)      "E. L. GRAVES, J. P."

Beneath these documents, on the same piece of paper, and apparently in the same handwriting, are written these words : "Executed this 16 Ap. 1874. *T. C. King*, constable." "Cost in case, $17.20." The judgment of the justice is nowhere stated, except as shown in the mittimus, or order of confinement, which is without date, and in the following words :

"To the superintendent of the chain-gang of Barbour county, Ala. You are hereby commanded to receive into your custody one Henry Sam, and detain him for 12 months, and also until he pays the cost, which is $17.20, and then return him back to the bailiff of Beat No. 2, as there are two other warrants against him before me."

(Signed)      "E. L. GRAVES, J. P."

In the other case, the affidavit was made by Warren Holland, and stated, "that he had one cow, by name of 'Butthead,' taken from him, and he has good reason to believe one

Henry Sam did take the cow ; " the warrant stated the offence as " larceny ;" and the order of commitment directed the officer to receive the prisoner into his custody, " and make him labor for the county twelve months, and payment of the cost, which is $17.20."

On the hearing of the petition, more formal orders of commitment having been made out, dated the 18th day of April, 1874, and signed by the justice, the officer having the petitioner in custody made return to the writ, that he held him under and by virtue of these orders, as well as the original orders above described ; and the judge thereupon dismissed the petition, and remanded the prisoner to the custody of the officer.

GOODE & TONEY, for the petitioner, insisted that the proceedings against him were substantially and fatally defective ; that they showed no jurisdiction in the justice, and no valid judgment by him, if in fact any judgment at all ; and that they did not constitute " due process of law," without which, by constitutional provisions, no one can be restrained of his liberty.

F. M. WOOD, and JNO. D. ROQUEMORE, *contra.* The record presents a case where an attempt is made to discharge a person on *habeas corpus*, after conviction by a court of competent jurisdiction. It is well settled that this cannot be done, notwithstanding errors and irregularities in the proceedings. *Ex parte Coburn*, 38 Ala. 638 ; *The State, ex rel. Brooks*, at the present term.

BRICKELL, J. — The constitution provides, " that, in cases of petit larceny, assault, assault and battery, affray, unlawful assemblies, vagrancy, and other misdemeanors, the general assembly may, by law, dispense with a grand jury, and authorize such prosecutions and proceedings before justices of the peace, or such inferior courts as may be by law established." Const. Art II. § 10. This provision of the present constitution was extracted from the constitution of 1865. R. C. p. 33, § 9.

The penal code of 1866, now forming part of the Revised Code, defined grand larceny as the stealing of specific chattels, or the stealing in or from particular places, or the stealing of any personal property other than that enumerated, exceeding in value one hundred dollars. Petit larceny is defined as the stealing of personal property not enumerated, or under other than the specified circumstances. R. C. §§ 3706–7–8. The punishment prescribed for petit larceny is imprisonment in the county jail, or hard labor for the county, for not more than twelve months ; to which a fine, not exceeding five hundred

[Hafter v. State.]

dollars, may be added.　Justices of the peace were invested with jurisdiction, concurrently with the county courts, of the offence of petit larceny, when the value of the thing stolen did not exceed ten dollars.　R. C. § 3932.　After the adoption of the present constitution, the general assembly declared " all laws and parts of laws of the Revised Code of Alabama, except such as conflict with the constitution and laws of the United States, or the constitution of this State, be, and the same are hereby, in full force and effect," &c.　Pamph. Acts, 1868, p. 7.

On the hearing of the application for *habeas corpus*, it appeared the petitioner was detained at hard labor for the county, under a judgment rendered by a justice of the peace, on a prosecution against the petitioner for stealing personal property not exceeding in value ten dollars.　The term of labor to which petitioner was condemned was twelve months, which had not expired.　The proceedings before the justice of the peace are " lamentably loose," and it is painful to see such a careless disregard of the simple forms the law prescribes.　But these are mere irregularities, not the subject of revision or correction by a writ of *habeas corpus.*　Illegality, as distinguished from mere irregularity, must have intervened, to have entitled the petitioner to a discharge on *habeas corpus.*　The principle that error or irregularity in a record, or in process, when drawn in question collaterally, does not invalidate, applies to this writ.　Hurd on Habeas Corpus, § 334.　The justice of the peace, in the judgment rendered, and in the process issued for its execution, did not exceed or usurp jurisdiction.　As this is not predicable, the defects in the mode of proceeding, however gross, are mere irregularities.　Consequently, the judge of the city court committed no error in remanding the petitioner and dismissing the petition.　　　　　　Motion refused.