# Evans *et al. v.* The State.

*Scire Facias on Forfeited Recognizance.*

1. *Sheriff's authority to admit to bail.*—When a person is committed to jail by a magistrate on a preliminary examination, charged with a bailable felony, the sheriff has no authority to admit him to bail, unless the magistrate indorsed on the commitment the amount of bail required (Code, § 4684); and a recognizance taken by him, without such indorsement, is void.

APPEAL from the Circuit Court of Cullman.

Tried before the Hon. JOHN HENDERSON.

The record in this case shows that, on a preliminary examination before a justice of the peace of said county of Cullman, Josiah Evans, charged with burglary, was committed to the custody of the jailor; the order of commitment directing the jailor to "detain him until he is legally discharged." There being no jail in said county, the prisoner was committed to the custody of the sheriff of Blount county; and that officer admitted him to bail a few days afterwards, in the sum of one thousand dollars, with William Conant and others as his sureties, conditioned for his appearance at the next term of the Circuit Court. Having failed to appear in accordance with the condition of the bond,

[Hunt v. The State.]

a judgment *nisi* was duly entered against him and his sureties;. and a *scire facias* thereon having been issued, and served on the sureties, they appeared, and insisted that the recognizance was void, on the ground that it was taken by the sheriff without authority of law, because the committing magistrate had not indorsed on the *mittimus* the amount of bail required. The court overruled this objection, and rendered a final judgment against the recognizors; which ruling and judgment, with other matters, they now assign as error.

C. C. HARRIS, for the appellants.

H. C. TOMPKINS, Attorney-General, for the State.

STONE, J.—The defendant was committed to jail by a committing magistrate, on a charge of burglary. The offense was and is bailable; but the magistrate failed to indorse on the warrant of commitment the amount of bail required. Code of 1876, § 4684. Without this indorsement, the sheriff was without authority to take the bail-bond; and under all our decisions, no valid judgment can be rendered on such forfeited bond.—1 Brick. Dig. 206, § 106; *Antonez v. The State*, 26 Ala. 81; *Nat Gray v. The State*, 43 Ala. 41. See, also, *Callahan v. The State*, 60 Ala. 65, and authorities there cited. The language of this court, in the case of *Antonez v. The State*, is very strong; and following that and the other decisions of this court, the judgment of the Circuit Court is reversed, and this court, proceeding to render the judgment which the court below should have rendered, orders that said judgment be reversed and annulled. The cause will not be remanded.