# Dover *v.* State; Ex parte Dover.

### *Murder; Habeas Corpus.*

1. *Murder; effect of failure to find degree of.*—A verdict in a murder case, finding the defendant "guilty as charged in the indictment, and assessing his punishment to imprisonment for life in the State penitentiary," but failing to find the degree of the homicide, while it presents a reversible error on appeal, will, on *habeas corpus,* support a judgment of conviction.

APPEAL from Bibb Circuit Court.

Tried before Hon. JAMES E COBB.

Peter Dover, the appellant and petitioner in these cases, having been indicted and tried for murder, the jury returned into court a verdict in these words: " We, the jury, find the defendant guilty as charged in the indictment, and assess his punishment to imprisonment for life in the State penitentiary." This verdict was received by the court, and after being polled by the defendant, the jury were then discharged by the court from the further consideration of the case. Soon after they were discharged, and after they had dispersed, and some of them had left the court house, and after the court had proceeded to other business, they were reassembled, and caused by the court to again retire to consider their verdict. They thereupon returned another verdict, like the first in all particulars except that it fixed the degree of the homicide as murder in the first degree. " Before receiving the last verdict the court swore severally the members of the jury, and on their oaths they severally stated that they each distinctly ascertained and agreed that the defendant was guilty of murder in the first degree as charged in the indictment, before they returned their first verdict, and so intended and agreed to say in their first verdict." Thereupon sentence was passed on the defendant by the court in accordance with the verdict. The defendant duly excepted to the action of the court, above noted, and also moved in arrest of judgment on the grounds, in substance, (1) that the verdict was insufficient to support the judgment of the court; (2) that the verdict was void, and no judgment could be pronounced thereon; and (3) that having been once in jeopardy of his life for said offense, he could not again be tried therefor, and, therefore, no legal cause existed for his further detention. This motion the court overruled.

[Dover v. State; Ex parte Dover.]

The defendant sued out a writ of *habeas corpus*, and also appealed. The first opinion *infra* was delivered on the application for the writ of *habeas corpus*; the second on the appeal.

WOOD & WOOD and HARGROVE & LOGAN, for appellant and petitioner.

H. C. TOMPKINS, Attorney-General, for the State.

STONE, J.—The present application is not distinguishable in principle from the question ruled on in *Waller v. The State*, 40 Ala. 325, 333. In that case it was contended that the prisoner ought to be discharged from custody, "on the ground that, upon the verdict as originally returned into court, no sentence could have been pronounced, and that he was entitled to judgment of acquittal thereon." This court replied, that it could not assent to such a proposition. And in 1 Bish. Cr. Proc. § 1016, it is said : "If the jury bring in a defective verdict, it is in the power equally of the prisoner and the prosecuting attorney to have it set right; and suppose the prisoner chooses not to interfere, and suffers a defective verdict to be entered, as his interest would always prompt him to do, in preference to a verdict of guilty in due form, he, by thus failing to interfere, waives his objection to being put a second time in jeopardy for the same offense."—1 Bish. Cr. Law, § 998; *Com. v. Gibson*, 2 Va. Ca. 70; *Com. v. Smith*, *Ib*. 327; *Com. v. Scott*, 5 Grat. 697; *State v. Sutton*, 4 Gill, 494; *Wright v, The State*, 5 Ind. 527; *State v. Redman*, 17 Iowa, 329; *State v. Walters*, 16 La. Ann. 400; *State v. Spurgin*, 1 McCord, 252.

There was no want of jurisdiction of person, or of subject-matter in this case. The defect in the verdict may present a reversible error. *Habeas corpus* is not the remedy.—*Ex parte Watkins*, 3 Pet. 193; *Ex parte Parks*, 93 U. S. 18.

The writ of *habeas corpus* is denied.

PER CURIAM.—Reversed and remanded, on authority of *St. Clair v. Caldwell and Riddle*, and authorities therein cited, 72 Ala. 527; *Waller v. The State*, 40 Ala. 325; *Storey v. The State*, 71 Ala. 329. The prisoner will remain in custody until discharged by due course of law.