# Cofer v. The State.

## Habeas Corpus.

(Decided May 12, 1910.   Rehearing denied June 30, 1910.
52 South. 934.)

1. *Habeas Corpus; Matters Reviewable by; Judgment of Conviction.*—Where one has been convicted of crime, he must show that the judgment and sentence was so fatally defective as to be void as otherwise it will amount to a collateral attack on the judgment and no mere errors or irregularities affecting the trial are available to a discharge by habeas corpus.

2. *Same; Judgment; Conclusiveness.*—On the hearing of a writ of habeas corpus a judgment entry in a criminal case being clothed with jurisdiction in facie, and its due authentication not being denied, must be taken as conclusively showing the true history of the proceedings in the trial court.

3. *Statutes; Title; Constitutionality.*—Section 1 and 2 of the Acts of 1900-1, p. 1342, are not unconstitutional since the provisions contained in such section are germane to the purposes of the act as announced.

APPEAL from Cullman Circuit Court.

Heard before Hon. D. W. SPEAKE.

Petition by W. T. L. Cofer for habeas corpus to be discharged from a judgment of conviction in the county court of Cullman county.   Upon the hearing the judge dismissed the petition and the petitioner appeals.   Affirmed.

EMIL AHLRICH, for appellant.   It is the rule in state and federal courts that the sentence, judgment or decree of a court that is without jurisdiction or a court that clearly transcends its jurisdiction is a nullity, and the writ of habeas corpus is the appropriate remedy to obtain discharge from imprisonment under such an order.—*Ex parte McKnight*, 48 Ohio St. 588; *In re White*, 11 L. R. A. 284; *In re Neagle*, 5 L. R. A. 78; *In re Neilson*, 31

U. S. 185; *Ex parte Bain*, 121 U. S. 186. The county court act is clearly unconstitutional because it takes away the right of trial by jury and because under it the circuit court is deprived of all jurisdiction to try misdemeanors.

ALEXANDER M. GARBER, Attorney General, for the State. The judgment and sentence is not shown to be so fatally defective as to be void, and no mere irregularity or error in the trial of the cause will authorize an attack on such judgment and sentence by an application for discharge on habeas corpus. The judgment is conclusive and must be taken to disclose the true history of the proceedings leading up to it. There is no merit in the contention that the act creating the Cullman County Court is void.

SAYRE, J.—The petitioner's effort to bring about his discharge on a writ of habeas corpus was a collateral attack upon the judgment and sentence which had been pronounced upon him by the county court of Cullman. On such attack no mere errors or irregularities affecting the trial which resulted in the judgment could avail the petitioner; he must show that the judgment and sentence was so fatally defective as to be void. That judgment had been affirmed on appeal to this court, and was beyond question in the circuit court. It was merged in the judgment of this court. *In re Newton*, 94 Ala. 431, 10 South. 549. The sentence pronounced by the county court after the affirmance in this court was a mere repetition of the sentence which had been affirmed, and was unnecessary. Furthermore, the effort to show that the record of the county court did not speak the truth, or that the entry upon the judgment roll of that court, though speaking the truth, had

[Cofer v. The State.]

been made at a time when and under circumstances
such that there was no authority of law for making it,
was a collateral attack upon the record which the policy
of the law inhibits. That fact should have been shown
on a proper proceeding for that specific purpose had in
the county court, subject to review in this. The judg-
ment entry being clothed with jurisdiction in facie and
its due authentication not being denied, it was on the
hearing of the writ to be taken as conclusively showing
the true history of the proceedings in the county court.

On March 1, 1901, an act of the Legislature was
passed under this title: "To confer additional jurisdic-
tion upon the county court of Cullman county, Ala-
bama, and to regulate proceedings therein."—Acts 1900-
01, p. 1342. Section 1 of the act provides that the coun-
ty court shall have jurisdiction of all misdemeanors
committed in the county concurrent with the circuit
court. Section 2 provides as follows. "That the pre-
siding judge of the circuit court of said county, at each
succeeding term, shall enter on the minutes of said
court on the day of adjournment an order transferring
to the county court of said county, all indictments
presented or filed in the circuit court against persons
charged with the commission of misdemeanors, and af-
ter the making of such order, the jurisdiction of the cir-
cuit court shall cease, and exclusive jurisdiction shall
vest in the county court of said county." Other appro-
priate provisions for the trial of misdemeanors in the
county court follow. Appellant was convicted of a mis-
demeanor in a prosecution commenced and concluded in
the county court under the authority of the act. He
contends that the act conferred upon the county court
no jurisdiction to try charges of misdemeanor because
it deprives the circuit court of that jurisdiction without
intimation of that provision in the title. Appellant's

contention cannot be sustained. The provision of the act for the removal of misdemeanor cases from the circuit court, and for the exclusive jurisdiction of the county court thereafter in cases so removed, is germane to the purpose announced in the title. The body of the act goes no further. The general jurisdiction of the circuit court to hear and determine misdemeanor cases remains unimpaired. But if it should be conceded that the act is constitutionally defective. in the respect pointed out by appellant, that concession could not avail the appellant. In that event the obnoxious provision only would fall, leaving the rest of the act intact. That conclusion would not affect the right of the county court to try cases originating in that court as did the case against the appellant. We are unable to sustain appellant's contention on the ground indicated, or on any other which has been brought to our attention.

The record shows nothing of the pardon mentioned in appellant's brief.

The order of the judge of the Eighth judicial circuit dismissing the petition and remanding the petitioner to the custody of the sheriff of Cullman county for the execution of the sentence pronounced by the county court must be affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and EVANS, JJ., concur.