## *Ex Parte* Crews.

### *Habeas Corpus.*

(Decided January 12, 1915.  67 South. 824.)

1. *Criminal Law; Sentence; Suspension on Bail.*—Under section 6249, Code 1907, as amended by Acts 1911, p. 113, and under Acts 1911, p. 626, where petitioner was sentenced to three years in the penitentiary, and appealed and was released on bail without any formal order suspending sentence, he is not entitled to have the time he was out on bail credited on his term of imprisonment.

2. *Same.*—Under Acts 1911, page 626, if the sheriff had no authority to release petitioner on bail until the court first entered an order suspending sentence, petitioner having been unlawfully released, had made an escape, and the time for which he was at large could not be deducted from the term of his sentence.

APPEAL from Tuscaloosa County Court.

Heard before Hon. H. B. FOSTER.

Porter Crews was sentenced to the penitentiary for a term of three years and brought habeas corpus to be discharged on the theory that the time he was out on bail, pending an appeal, should be deducted from the term of his sentence. From an order discharging petitioner from custody, the state appeals. Reversed and remanded.

ROBERT C. BRICKELL, Attorney General and W. L. MARTIN, Assistant Attorney General, for the State. Under the statutes admitting a defendant to bail, pending an appeal, where the punishment does not exceed five

[Ex Parte Crews.]

years in the penitentiary, the defendant is not entitled to credit on his term of punishment for the time he is out on bail waiting the decision of his appeal.

J. PAUL JONES and WM. SPENCER, JR., for petitioner. No suspension of the sentence was entered by the court, and the defendant was entitled to his discharge as he had worked out the term provided by his sentence, from the date of the sentence.—*White v. The State,* 134 Ala. 197; *Ex parte Goucher,* 103 Ala. 305, and acts cited by attorney general.

THOMAS, J.—This is an appeal by the state from an order of the judge of the Tuscaloosa city court, entered on November 14, 1914, and discharging on writ of habeas corpus the petitioner, Porter Crews, from confinement in the penitentiary, to which he had been lawfully sentenced by the circuit court of Dale county for a term of three years upon his conviction in that court, on July 28, 1911, of the offense of an assault with intent to murder—a felony under the statute (Code, § 6309).

The basis on which the petitioner claimed his right to a discharge, and the theory upon which the judge acted in granting it, was that the petitioner was entitled under the law to have deducted from his sentence the time during which he was out on bail after his conviction in the said circuit court of Dale county and pending his appeal from that conviction to the Supreme Court. If this time is to be deduced, to wit, from July 28, 1911, when the petitioner was so convicted, to January 15, 1913, after his case on appeal was finally disposed of by the Supreme Court by a dismissal there, and when his service in the penitentiary actually commenced, then clearly his said sentence of three years had expired

at the time he filed his petition for habeas corpus on September 25, 1914, and he was therefore entitled to be released from the imprisonment. On the contrary, if such time while he was out on bail is not to be deducted, then the term of the sentence had not expired, and will not expire for some time yet to come, and there was consequently no authority of law for granting the order of discharge.—*Weinard v. State,* 149 Ala. 59, 42 South. 991.

In the allegations of the petition for the writ of habeas corpus, and in the agreed statement of facts upon which such application was heard and determined, it appears that, although the prisoner on his said trial in the said circuit court of Dale county reserved for the decision of the Supreme Court questions of law, and upon his said conviction in said circuit court on said July 29, 1911, then duly prayed an appeal to the Supreme Court and then, in order to secure his release pending such appeal, duly executed and delivered to the sheriff a bail bond in an amount and conditioned in all respects as required by law, yet it further appears that the lower court wholly failed to make or have entered any order suspending the execution of its sentence pending such appeal.

This latter fact—the failure of the court to make and have entered an order suspending the sentence—is the sole foundation for the petitioner's contention that the time he was so out on bail should be treated as if he were actually serving the sentence, and should therefore be deducted therefrom in computing and arriving at a determination of the time when that sentence expires. In support of this contention we are cited to the case of *White v. State,* 134 Ala. 197, 32 South. 320, followed in *Viberg v. State,* 138 Ala. 100, 35 South. 53, 100 Am. St. Rep. 22, which, in construing section 4318 of the Code

of 1896, now section 6249 of the present Code (1907), held that an appeal did not ipso facto suspend the sentence, but that it was necessary to that end that an order of suspension be actually made by the lower court and entered upon its minutes.

At the time that decision was rendered, however, our statutes did not in any case, as appears from reading the section of the Code cited, though they do now where the sentence is for five years or less (Acts 1911, pp. 113, 626), authorize the release on bail, pending an appeal to the Supreme Court, of a person that had been convicted of a felony; but at that time only persons convicted of misdemeanors were allowed bail pending such appeal.—Code 1896, § 4319; Code 1907, § 6250. Subsequent to said decision, and prior to the conviction in this case, which, as said was for a felony, said section 4318 of the Code of 1896, construed in said decision, became section 6249 of the present Code, and the latter had been expressly amended by an act approved March 11, 1911. Before such amendment the section, as it was construed in said decision, read as follows: "When any question of law is reserved in case of a felony, and it shall be made known to the court that the defendant desires to take an appeal to the Supreme Court, judgment must be rendered against the defendant, but the execution thereof must be suspended pending the appeal, and the defendant held in custody."—Code, § 6249.

Consequently, the Supreme Court very properly held in the case cited that an appeal alone did not suspend the sentence, but that an order of court was, in connection with the appeal, essential to such a suspension in a felony case.—*White v. State, supra.* The amendment by the act mentioned wrought a change in this statute by adding immediately after the last words of the section as above quoted the following additional words:

"Provided, that if the sentence is for a term not exceeding five years the judge must direct the clerk of the court in which the conviction is had to admit the defendant to bail, in a sum to be fixed by the judge, with sufficient surety, conditioned upon his appearance at the next term of the court and from term to term thereafter, to abide such judgment as may be rendered on the ap peal."—Gen. Acts 1911, p. 113.

This amendatory act was approved, as said, on March 11, 1911; and later, to wit, on April 22, 1911, another act—an original statute on the same subject—was also approved, which reads as follows: "That in all felony cases where the defendant is sentenced to the penitentiary for a period of five years or less and an appeal is taken, pending such appeal the defendant shall be entitled to bail in such sum as may be prescribed by the court as sufficient surety, conditioned for his appearance at the next term of the court in which the conviction was had, and from time to time thereafter, to abide such judgment as may be rendered on the appeal."—Acts 1911, p. 626.

And we may add, par parenthesis, also that by an act approved August 24, 1909, the Legislature likewise amended, in similar purport, section 6262 of the Code of 1907, so as to provide that when a defendant, convicted of any offense, whether misdemeanor or felony, where the sentence does not exceed five years, seeks by writ of error a review of the judgment of conviction, he shall also be entitled to bail pending the hearing.—Acts Sp. Sess. 1909, p. 62.

It is plain that the object of these several legislative enactments was to so amend existing law, which up to such time allowed bail after conviction only in misde meanor cases when the defendant either appealed (as provided in sections 6243 and 6250 of the Code of 1907)

or carried his case up to the higher court by writ of error (as provided in sections 6258 and 6262 of the Code of 1907), so as to allow the same right to a defendant convicted of a felony, where the sentence was for five years or less, whether he appealed under section 6243 or secured a writ of error under section 6258.

While, even since these amendments, it would seem that, where a defendant convicted of a felony, and receiving a sentence not exceeding five years, appeals or obtains a writ of error to review the judgment, but fails to avail himself of the privilege allowed by the law, and declines to make bail, and thereby to obtain his release from custody pending the hearing on such appeal or writ of error, it would probably be necessary to a suspension of the sentence that the court enter an order to that end (*White v. State, supra*); yet, where a defendant, as here, does avail himself of that privelege, and does make bond, and does secure his release from custody, such, we are clearly of opinion, does operate to suspend the execution of his sentence, at least to such an extent that he is not entitled to have such time that he is so out on bail credited on his term of imprisonment.—*Ex parte Jones,* 41 Cal. 209; *Ex parte Green,* 86 Cal. 427, 25 Pac. 21; *Com. v. Spencer,* 9 Kulp. (Pa.) 159; *State v. Grottkau,* 73 Wis. 589, 41 N. W. 80, 1063, 9 Am. St. Rep. 816.

By force of the last statute passed on the subject (Gen. Acts 1911, p. 626, cited), it would seem that, when the court fixes the amount of bail, as the law therein requires him to do, and the defendant executes bail in that amount, with sureties satisfactory to the sheriff, he is lawfully entitled to be released from the custody of the sheriff pending the appeal, even though no order suspending the sentence be made or entered by the court; and, if so, it must follow that the giving

of the bail, when the amount has been so fixed by the court, operates, in connection with the appeal, to lawfully suspend the sentence pending the appeal; but, however this may be, and even if we concede that the sheriff had no authority to release the petitioner on his giving the prescribed bail until the court first made and entered an order suspending the sentence (*Evans v. State*, 63 Ala. 195), and that, therefore, the sheriff was guilty of an escape in letting the petitioner at large upon such bail, yet it does not follow that the petitioner is entitled to have such period that he was so at large credited upon his sentence; and this because the prisoner, having been unlawfully released by consent of the sheriff, was himself an escape (Code, § 6869; 11 Am. & Eng. Ency. Law [2d Ed.] 327).

However treated, therefore, whether the petitioner lawfully or unlawfully procured his release from confinement, he actually and in fact accomplished a suspension of his sentence during the time he was so out on bail, and, having done so, he is in no position to complain of a failure of the court to make and enter the order authorizing such suspension.

It follows that the order and judgment appealed from discharging the petitioner must be reversed, and the application of the prisoner must be denied, and the prisoner remanded to the custody of the proper authorities to serve out his sentence in accordance with the holdings herein expressed.

Reversed and rendered.