(121 So. 423)

### Ex parte TANNER. (3 Div. 627.)

Supreme Court of Alabama. Jan. 28, 1929.

Habeas corpus proceeding by Heabern Tanner to secure his release from custody under sentence. On question certified by the Court of Appeals under Code 1923, § 7311. Question answered, and petitioner ordered remanded.

Under Code, 1923, § 7311, the following question was certified to the Supreme Court: To the Honorable Supreme Court of Alabama—Your Honors:

The judges of the Court of Appeals of Alabama are unable to reach a unanimous conclusion, or decision, on or of the following question:

"Where a defendant is regularly indicted and tried for the offense denounced by Code of Ala. Sec. 5411, and is, by the jury trying the case regularly found guilty, but where the said jury fails to fix his punishment, as provided in the said Statute, and where, over defendant's objection, the trial Judge proceeds to, himself, fix the punishment, at a term of imprisonment within the limits prescribed by the said Statute, and where the defendant does not appeal from the judgment of conviction and sentence imposed upon him, but proceeds to enter upon the performance of said sentence, and while confined in the State penitentiary under same, sues for a writ of habeas corpus, commanding the warden of the penitentiary to release him, should his petition be granted—the sole ground for same being the defendant's affirmation, or allegation that the judgment and sentence under which he is held and detained are void because of the fact that his punishment was fixed by the Court, and not by the jury, trying his case?"

Under the provisions of Code of Ala. 1923, § 7311, I desire to certify to you the above question, the answer to which is controlling in the disposition of the case of Heabern Tanner v. State, 3d Div. 627 [121 So. 424] now pending in our Court on appeal.

Very respectfully,

James Rice,
Judge of the Court of Appeals of Alabama.

### Response to Certified Question.

To the Honorable Court of Appeals of Alabama:

Responding to your inquiry as follows:

"Where a defendant is regularly indicted and tried for the offense denounced by Code of Alabama sec. 5411, and is by the jury trying the case found guilty, but where the said jury fails to fix his punishment, as provided in the said statute, and where, over defendant's objection, the trial judge proceeds to, himself, fix the punishment, at a term of imprisonment within the limits prescribed by the said statute, and where the defendant does not appeal from the judgment of conviction

and sentence imposed upon him, but proceeds to enter upon the performance of said sentence, and while confined in the State penitentiary under same, sues for a writ of habeas corpus, commanding the warden of the penitentiary to release him, should his petition be granted—the sole ground for same being the defendant's affirmation, or allegation that the judgment and sentence under which he is held and detained are void because of the fact that his punishment was fixed by the court, and not by the jury, trying his case?"

■ The circuit court is one of general jurisdiction in respect to the offense inquired about. Recitals in its judgment record of jurisdictional facts import absolute verity unless contradicted by other portions thereof. Blount County Bank v. Barnes (Ala. Sup.) 118 So. 460;[1] White v. Simpson, 124 Ala. 238, 27 So. 297; L. & N. R. Co. v. Tally, 203 Ala. 370, 83 So. 114; 15 Corpus Juris, 827.

■ The only inquiry to determine the result is whether the judgment of sentence is a nullity. If it is not, petitioner is not entitled to his release, though there may be error or irregularity in it. Cofer v. State, 168 Ala. 171, 52 So. 934; Ex parte Hill Adams, 170 Ala. 105, 54 So. 501; Ex parte Brown, 63 Ala. 187; Towery v. State, 143 Ala. 59, 39 So. 310; 29 Corpus Juris, 31, 51; Fourment v. State, 155 Ala. 109, 46 So. 266.

■ The circuit court had jurisdiction of the offense and of the person of petitioner, and the punishment was within the limits and in the manner provided by law. There is no doubt that under such circumstances it was competent for it to proceed to a final determination.

■ The court, having directed the jury to fix the punishment, should have refused to receive the verdict without a compliance with that direction (Bates v. State, 170 Ala. 26, 54 So. 432; Washington v. State, 125 Ala. 40, 28 So. 78), and his acceptance of the verdict under such circumstances was error.

This Court, in accord with the Supreme Court of the United States, has held that a failure by the jury to find the degree of the homicide on a murder trial will on habeas corpus support a judgment of conviction, saying that "there was no want of jurisdiction of person, or of subject-matter in this case. The defect in the verdict may present a reversible error. Habeas corpus is not the remedy. [Citing] Ex parte Watkins, 3 Pet. 193, (7 L. Ed. 650); Ex parte Parks, 93 U. S. 18, (23 L. Ed. 787)." Dover v. State, 75 Ala. 40; In re Eckart, 160 U. S. 481, 17 S. Ct. 638, 41 L. Ed. 1085; 12 R. C. L. 1208; 11 Ann. Cas. 1055.

It is also said on an appeal in Washington v. State, supra, where the verdict was similar to the one we are considering, that defendant is not entitled to his discharge for having been once put in jeopardy. The verdict was held to be incomplete and irregular, but not void,

citing Cobia v. State, 16 Ala. 781; Dover v. State, supra; Gunter v. State, 83 Ala. 96, 104, 3 So. 600; Foster v. State, 88 Ala. 182, 7 So. 185; Zaner v. State, 90 Ala. 651, 8 So. 698.

The Supreme Courts of Washington and Indiana have decided the direct question involved in this inquiry. In a case where the jury must fix the punishment for murder on a plea of guilty, the court fixed it, without a jury. On habeas corpus the principles stated above were referred to, resulting in a holding that the judgment was erroneous, but not void, because the court had jurisdiction of the person and subject-matter, and was a court of general jurisdiction. Ex parte Voight, 130 Wash. 140, 226 P. 482; In re Casey, 27 Wash. 686, 68 P. 185; Lowery v. Howard, 103 Ind. 440, 3 N. E. 124.

The following apt statement is made in in Re Casey, supra: "We can only look at the record to see whether a judgment exists, and have no power to say whether it is right or wrong. It is conclusively presumed to be right until it is regularly brought up for revision."

It is said generally in 29 Corpus Juris, 48, that irregularity, error, or insufficiency of the verdict will not support a writ of habeas corpus. We hold that the judgment, though it may be erroneous, is not void, and that petitioner should not be released on habeas corpus.

All the Justices concur.

