(121 So. 424)

## TANNER v. STATE. (3 Div. 627.)

Court of Appeals of Alabama. Feb. 5, 1929.

Rehearing Denied Feb. 26, 1929.

Hamilton & Caffey, of Brewton, and D. M. Powell, of Greenville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

RICE, J. Petitioner, addressing himself to Hon. Walter B. Jones, judge of the Fifteenth judicial circuit of Albama, sought a writ of habeas corpus, directed to T. J. Shirley, warden of Kilby Prison, and alleged and shown to have petitioner in custody, to the end that said petitioner might be, upon proper hearing, granted his freedom. From the judgment denying the relief sought, and remanding him to the said custody of the said warden of Kilby Prison, petitioner prosecutes his appeal to this court. Acts of Ala. 1927, p. 76.

The facts essential to decision, taken from the record before us, are as follows:

Petitioner was regularly indicted and tried in the circuit court of Escambia county, for the statutory offense of having carnal knowledge of, or abusing in the attempt to have carnal knowledge of, a girl over the age of 12 and under the age of 16 years. Code of Ala. 1923, § 5411. He was found guilty by the jury trying his case, but said jury failed and omitted to fix his punishment. Whereupon the trial judge proceeded to adjudge petitioner guilty, in accordance with the jury's verdict, and to himself fix the punishment, within the limits prescribed by the statute, at imprisonment in the penitentiary for a term of not less than two years, nor more than two years and one hour. Petitioner, duly sentenced, as above indicated, while engaged upon serving said sentence, brings this petition, on the asserted theory that the sentence is illegal and void, and that his confinement under same is unlawful. If his assertion is

correct, his petition should be granted, and he should be released. There is no doubt but that petitioner's punishment *should* have been ascertained and fixed by the jury trying his case. Code 1923, § 5411. Neither is there doubt that he was duly found guilty, of the offense for which he was on trial, by the said jury; nor that the sentence imposed upon him by the trial judge was the least that could have, under the law, been imposed, had the jury taken the action imposed upon them by the statute. Code 1923, § 4331, provides as follows: "No court, or judge, on the return of a writ of habeas corpus, has authority to inquire into the regularity or justice of any order, judgment, decree, or process of any court legally constituted," etc.

In this case, it appearing that petitioner is held under a judgment and sentence rendered by the circuit court of Escambia county, a court legally constituted, it might seem that the provisions of the Code section just quoted would put an end to the discussion. But we apprehend that said section of the Code should be read in connection with section 4332 of the same Code, which provides, among other things, that:

"If it appears that the party is in custody, by virtue of process from any court legally constituted, or issued by any officer in the course of judicial proceedings before him; authorized by law, he can only be discharged—

"(1) Where the jurisdiction of such court has been exceeded, either as to matter, place, sum, or person."

"(3) Where the process is void in consequence of some defect in matter or substance required by law.

"(4) Where the process, though in proper form, was issued in a case, or under circumstances, not allowed by law. * * *"

■ As was said by Mr. Justice Sayre, in the opinion, the case of Cofer v. State, 168 Ala. 171, 52 So. 934, so it may be said here: "The petitioner's effort to bring about his discharge on a writ of habeas corpus was a collateral attack upon the judgment and sentence which had been pronounced upon him by the County Court of Cullman. [In this case, of course, the *Circuit Court of Escambia County*.] On such attack no mere errors or irregularities affecting the trial which resulted in the judgment could avail the petitioner; he must show that the judgment and sentence was so fatally defective as to be void."

Or, stated slightly otherwise, the law on the subject is, as contained in the fifth headnote in the report of the case of Ex parte Hill Adams, 170 Ala. 105, 54 So. 501, to wit: "The only inquiry on habeas corpus is whether the judgment attacked is a nullity, where the ground for discharge is that the judgment was a nullity; under such writ the court cannot consider mere errors or irregularities reviewable on appeal or writ of error."

And we might take, as another statement, to like effect, of the substantive law of the question we are trying to decide, the following: "To warrant his discharge upon habeas corpus the proceedings under which the petitioner is held must be illegal. * * * Ex parte Brown, 63 Ala. 187. The defendant being legally held in custody under proceedings in a court having jurisdiction of his person and of the offense with which he was charged and has been convicted, the circuit judge properly refused to issue the writ," etc. Ex parte Roberson, 123 Ala. 103, 26 So. 645, 82 Am. St. Rep. 107.

So, in the opinion in the case of Towery v. State, 143 Ala. 59, 39 So. 310, we find the law governing us stated in this wise: "The general principle, then, prevails, that, when a record or process is collaterally assailed, it must be for illegality, not for error or irregularity. * * * The ground upon which was rested the supposed right of the appellant to be discharged from custody in this case, as shown by his petition and the proceedings had before the Chancellor, necessarily involved the regularity of the proceedings had and order made in the Circuit Court, in a trial had of the petitioner in that court on an indictment for murder, and this was a good reason for the Chancellor's refusal to discharge the petitioner, appellant, from custody."

There are, of course, a great many cases having to do with the general subject out of which the question in the instant case arises. We have examined all of them, in our own state, which we could find. No brief has been furnished us on behalf of the state, but the cases cited in appellant's (petitioner's) brief have each been considered, and, as we think will become clear later on in this opinion, do not militate against the holding we shall announce. Space forbids our setting out further quotations from opinions by our own Supreme Court, dealing with the generally accepted view that in order for petitioner to be entitled to the relief here sought, the judgment and sentence under which he is being held must not be only irregular but must be *void*. The difficult question here is, is the judgment *void?*

We have not been able to find, in our state, a case based upon facts similar to those shown by the record before us. But the state of Washington had one based on facts that cannot be distinguished from them. There a man was tried before a justice of the peace and a jury, and under their law it was the duty of the jury to fix the punishment. The jury found the defendant guilty, but failed to fix the punishment, and the justice of the peace, just as the trial judge of the Escambia circuit court in this case, assumed to fix, and

did fix, the punishment himself. The defendant brought a petition for writ of habeas corpus, and when the same reached the Supreme Court of Washington on appeal, that court, in what we think was a very able opinion, denied him relief. Among other things, the court said: "In this case a complaint was filed charging the offense. The accused was arrested and brought into court. The offense was within the jurisdiction of the justice. He thereby acquired jurisdiction of both the person and the subject-matter. The judgment entered was also within his jurisdiction, under the pleading in the case." In re Casey, 27 Wash. 686, 68 P. 185.

■ That court then quotes and adopts as a correct statement of the law governing the case before it the following from 15 Am. & Eng. Encyc. Law (2d Ed.) p. 170: "But it is only when the court pronounces a judgment which is not authorized by law under any circumstances in the particular case made by the pleadings, whether the trial has proceeded regularly or otherwise, that such judgment can be said to be void, so as to justify the discharge of the defendant held in custody by it." In re Casey, supra.

■ Also, it approves the following statement from the Supreme Court of the state of Pennsylvania, found in Re Williamson, 26 Pa. 9, 17 (67 Am. Dec. 374): "A habeas corpus is not a writ of error. It cannot bring a case before us in such a manner that we can exercise any kind of appellate jurisdiction in it. On a habeas corpus, the judgment even of a subordinate state court cannot be disregarded, reversed, or set aside, however clearly we may perceive it to be erroneous, and however plain it may be that we ought to reverse it if it were before us on appeal or writ of error. We can only look at the record to see whether a judgment exists, and have no power to say whether it is right or wrong. It is conclusively presumed to be right, until it is regularly brought up for revision." In re Casey, supra.

■ We desire to voice our full approval of the reasoning and holding ,of the Supreme Court of Washington in the case of In re Casey, supra, and in line with it, or them, we hold that in this case the judgment appealed from must be affirmed. Decisions and texts which we think support our conclusion are, in addition to those hereinabove cited and quoted from: Ex parte Voight, 130 Wash. 140, 226 P. 482 (another case exactly in point); Baker v. Krietenstein, 185 Ind. 693, 114 N. E. 445; Lowery v. Howard, 103 Ind. 440, 3 N. E. 124; Flowers v. State, 4 Ala. App. 221, 59 So. 238; Dover v. State (Ex parte Dover) 75 Ala. 40; Kirby v. State, 62 Ala. 51; Shideler, Warden, v. Vrljich, 195 Ind. 563, 145 N. E. 881; Hunnicutt v. Frauhiger (Ind. Sup.) 158 N. E. 572; In re Fanton, 55 Neb. 703, 76 N. W. 447, 70 Am. St. Rep. 418; Ex parte Henry

Sam, 51 Ala. 34; Freeman on Judgments (5th Ed.) pp. 3171–3209.

In each of the cases cited by appellant's (petitioner's) able counsel it will be found, upon inspection, that the judgment held and declared to be void was a judgment which was "not authorized by law under *any circumstances* [italics ours] in the particular case made by the pleadings."

The judgment appealed from is affirmed, and the writ denied. See Response of Supreme Court to Certified Question, Ex parte Tanner, 3d Div. 627, 219 Ala. 7, 121 So. 423.

Affirmed. Writ denied.

BRICKEN, P. J., dissents.