(130 So. 315)

### BREWER v. STATE.
8 Div. 930.

Court of Appeals of Alabama.
Feb. 11, 1930.

Rehearing Denied April 8, 1930.

William Stell and H. H. Hamilton, both of Russellville, and C. P. Almon, of Florence, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

RICE, J.

Appellant was convicted, regularly, on a trial in the law and equity court of Franklin county on February 8, 1928, of the offense of violating the prohibition laws by selling whisky.

The minute entry, or judgment entry, recorded on his trial, is in words and figures (omitting parts not important to the question raised by this appeal) as follows:

"Comes the Solicitor who prosecutes for the State, and also comes the defendant in his own proper person and by his attorney, and the defendant being arraigned by having the indictment read to him, for his plea thereto, says he is not guilty. The Solicitor joining issue on said plea, thereupon came a jury of good and lawful men, who being duly empanelled and sworn according to law, upon their oaths do say, 'We the jury find the defendant guilty and assess his fine at $225.00.' It is therefore considered and adjudged by the Court that the defendant be, and he is adjudged guilty and his fine is fixed at $225.00. Thereupon came into open Court the defendant Henry Brewer, together with * * * and confess judgment in favor of the State of Alabama for the use of Franklin County for the said fine of $225.00, together with the costs of this prosecution, for which let execution issue. It is further ordered by the Court that the State of Alabama, for the use of Franklin County have and recover of the said Henry Brewer, * * * the said fine of $225.00, together with the costs of this prosecution, for which let execution issue.

"Against this judgment and the execution to be issued thereon there is no exemptions of personal property of the defendant.

"The defendant prays an appeal to the Court of Appeals of Alabama, and said appeal is granted. The Sheriff will release the defendant from custody upon his entering into bond in the sum of $500.00, with sureties to be approved by said sheriff and conditioned for his appearance in the Law & Equity Court pending said appeal.

"It is further ordered, adjudged and decreed by the Court that the said defendant be and he is hereby sentenced to four months hard labor for Franklin County, Alabama as an additional punishment for his offense. Said sentence begins on February 8, 1928 and ends on June 8, 1928.

"February 8, 1928."

Following his conviction and sentence, as indicated by the said judgment entry, appellant did, on February 8, 1928, execute an appeal bond with sureties which were approved by the sheriff, and appellant was released from custody on said date. The appeal was regularly prosecuted to this court, where it was disposed of by a decision, and judgment, affirming the judgment of conviction in the said law and equity court, rendered on February 26, 1929. Brewer v. State, 219 Ala. 636, 123 So. 86. After pursuing all the methods or remedies allowed him by law in such situation; making application for rehearing to this court; petitioning the Supreme Court for writ of certiorari (219 Ala. 636, 123 So. 86) directed to this court, etc.; making application to the Supreme Court for a rehearing on his said petition, etc., losing at each step—the final disposition of his said appeal, which consisted of an affirmance of the judgment of conviction, etc., rendered by the law and equity court of Franklin county, was had on June 27, 1929.

Thereafter, in pursuance of the condition of his appeal bond, appellant, on July 11, 1929, surrendered himself to J. L. Hargett, sheriff of Franklin county, etc. Code 1923, § 3245. Conceiving, however, that no suspension of the hard labor sentence imposed, upon his conviction, was had, and that the time for the performance of same had expired, and that he was thereby absolved from any obligation to perform same after paying the fine and costs, he petitioned the Honorable B. H. Sargent, judge of the law and equity court of Franklin county, for writ of habeas corpus, directed to the said J. L. Hargett, sheriff of Franklin county, who held him in custody as above indicated, commanding him to have the body of petitioner before the said judge at the office of the clerk of the law and equity court of

Franklin county on said July 11, 1929, then and there "to do and receive what shall then and there be considered concerning the said Henry Brewer (petitioner)", all to the end that petitioner be discharged from further custody. From the order made by the said judge, at the time and place just referred to, denying the writ, and remanding petitioner to the custody of the sheriff of Franklin county, this appeal is prosecuted. Code 1928, § 3238.

There seems but a single question presented to us for answer, viz.: Was the execution of the sentence to four months at hard labor suspended during the pendency of the appeal from the "conviction (judgment of conviction) in said Law and Equity Court for the offense of violating the Prohibition Law" (rendered on February 8, 1928)? If it were, the order of the said judge, referred to, is due to be here affirmed. If it was not, the time for the execution of the said sentence having completely expired before the date of the acquiring of the custody of petitioner by the said sheriff, and the filing of this petition, the order here appealed from is due to be reversed, or set aside, and one here entered granting the prayer of said petition, and ordering the discharge of petitioner, appellant, from further custody.

Authority for the answer we shall give to said question is found in the prior decisions of our own court. Appellant's able counsel have furnished us with a brief on this appeal. We have not been favored with one, on behalf of the state.

So far as we can see, the principles of law laid down, and the holding of this court, in the opinion and decision in the case of Ex parte Crews, 12 Ala. App. 300, 67 So. 804, 805, are controlling here, and constrain us to hold that the answer to the question we have stated above is, Yes. As was pointed out in the opinion in the Crews Case, just cited, where an appellant, entitled to bail, after conviction, avails "himself of that privilege, and does make bond, and does secure his release from custody, such, we are clearly of opinion, does operate to suspend the execution of his sentence, at least to such an extent that he is not entitled to have such time that he is so out on bail credited on his term of imprisonment." The case of White v. State, 134 Ala. 197, 32 So. 320, relied on so strongly by petitioner, appellant, is distinguished from that presented here so forcibly in the opinion in the Crews Case, supra, that we will content ourselves by a simple reference to the report of that case.

It results that in our opinion the order appealed from should be, and it is, hereby, affirmed.

**Affirmed.**