(133 So. 60)

## STATE v. HAM.

3 Div. 676.

Court of Appeals of Alabama.
Nov. 11, 1930.

Rehearing Denied Dec. 16, 1930.

Charlie C. McCall, Atty. Gen., and Joseph H. James, Sol., of Greensboro, for the State.

148

J. C. Locke, of Marion, for appellee.

**RICE, J.**

This is an appeal by the state, under the provisions of act of the Legislature of Alabama approved June 16, 1927 (Gen. Acts 1927, p. 76), from an order of the circuit judge of the Twenty-First judicial circuit, granting to appellee the writ of habeas corpus discharging him, on his petition, from the custody of the warden of the Alabama State Farm, a part of the penitentiary of Alabama at Atmore.

The facts, necessary to our decision, are as follows:

Appellee, Tom Ham, was regularly indicted, jointly with one Matt Smithton, by the grand jury of Perry county, Ala., for the offense of miscegenation. Gen. Acts Ala. 1927, p. 219, amending Code 1923, § 5001. Upon his demand a severance was granted, and he was put on trial, alone. Code 1923, § 5570.

He was convicted by the jury, and his punishment was fixed by the court at imprisonment in the penitentiary for an indeterminate term of not less than two years, nor more than two years and one day. His trial, conviction, and sentence seem, in fact are admitted, to be in all things regular.

While serving out the sentence above, he brings this petition for writ of habeas corpus, alleging, in effect, that his judgment of conviction and sentence were rendered void, because of the lesser, and different, punishment awarded to his coindictee (Matt Smithton) upon her later plea of guilty, under the joint indictment, to another and less serious offense, to wit, living in adultery, etc.

We had occasion to make some study of the question of a convict, engaged in serving out a sentence imposed upon him, in the penitentiary, being entitled, vel non, to his release on habeas corpus, as for an imperfection, etc., in his judgment of conviction and sentence in the case of Tanner v. State, 23 Ala. App. 61, 121 So. 424. We do not see the necessity for further elaboration, here. Our views had the approval of the Supreme Court, as indicated by its response to our inquiry, Ex parte Tanner, 219 Ala. 7, 121 So. 423, and by its denial of the writ of certiorari to review our decision and opinion, supra, Heabern Tanner v. State, 219 Ala. 139, 121 So. 427.

As we pointed out, in the Tanner case, quoting from 15 Am. & Eng. Encyc. of Law (2d Ed.) p. 170: "It is only when the court pronounces a judgment which is not authorized by law *under any circumstances in the particular case* made by the pleadings (italics ours), whether the trial has proceeded regularly or otherwise, that such judgment can be said to be void, so as to justify the discharge of the defendant held in custody by it."

Manifestly, and obviously—in fact admittedly, on the part of appellee—the judgment of conviction, and sentence, here attacked, were *not* those "not authorized by law under *any* circumstances in the particular case." Hence appellee was not entitled to his discharge. Tanner v. State, supra.

As said by the Supreme Court of Washington, in Re Casey, 27 Wash. 686, 68 P. 185, and as approved by our own Supreme Court, Ex parte Tanner, 219 Ala. 7, 121 So. 423, 424, in a proceeding on habeas corpus: "We can only look at the record to see whether a judgment exists, and have no power to say whether it is right or wrong. It is conclusively presumed to be right until it is regularly brought up for revision."

We conclude therefore that, in so far as *this* proceeding, by habeas corpus, is concerned, appellee is shown to be rightfully held in custody. If there was error in his judgment of conviction, or his sentence to imprisonment in the penitentiary, etc., which would have worked a reversal, on appeal, a point not necessary to be here decided, and one which we refrain from considering, the same is without avail in this proceeding. Tanner v. State, supra.

The judgment appealed from is reversed, set aside, and held for naught. And it is the order and judgment of this court that the petition of appellee be, and is, denied, and that he be remanded to the custody of G. K. Fountain, warden of the Alabama State Farm, Atmore, Ala.

Reversed and rendered.