29 So.2d 427

## LITTLE v. STATE.

### 6 Div. 426.

Court of Appeals of Alabama.
March 11, 1947.

K. C. Edwards and Fred G. Moore, both. of Birmingham, for appellant.

663

A. A. Carmichael, Atty. Gen., and MacDonald Gallion, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This is an appeal from an order and judgment of Hon. Robert J. Wheeler, a Judge of the Tenth Judicial Circuit of Alabama denying appellant's petition for a writ of habeas corpus and remanding petitioner to the custody of the Department of Corrections and Institutions of the State of Alabama.

The appellant was by a jury found guilty of assault and battery on April 30, 1946. On May 1, 1946 the court adjudged appellant guilty and imposed a sentence of six months hard labor for Jefferson County with an additional term to pay the costs at 75¢ per day, not to exceed 10 months. At the time of sentence the petitioner applied for probation, and the court referred the same to the State Probation Officer for investigation and report, the report to be made on May 10, 1946, the petitioner being placed in jail where he remained until May 10, 1946. On that day action on the application for probation was, at appellant's request passed until July 5, 1946.

The hearing on the application for probation was thereafter continued from time to time at appellant's request until December 6, 1946 when the court denied the application for probation and ordered that the sentence imposed on May 1, 1946 be put into immediate effect.

Also on May 10, 1946 the court, at the request of appellant, continued appellant's appearance bond in force and effect and released appellant from jail.

Appellant contends that no formal order was entered continuing this case for sentence, and that the release of the petitioner on the original bond was beyond the power of the court as the bail expired with the verdict of the jury, and therefore more than six months having expired since the date of the sentence on May 1, 1946, it was beyond the power of the court to order the sentence into execution on December 6, 1946.

We find no merit in the appellant's contentions.

Section 21 of Title 42, Code of Alabama 1940, provides that: "* * * after conviction the court may continue the cause for such time as may be reasonably necessary to enable the probation officer to make his investigation and report."

Section 19 of Title 42, Code supra, provides that circuit courts may suspend execution of sentence and place on probation any person convicted of crime, etc.

■ The action of the court in referring the appellant's application for probation to the State Probation Officer for investigation and report, said report to be made on May 10, 1946 was in effect a continuance of this cause to determine whether or not the sentence imposed should be executed. Until disposition of such application the proceedings were incomplete, or were in fieri.

So long as the proceedings in a pending cause are in fieri, the court retains its jurisdiction and authority to complete the proceedings and render a final judgment. Ex parte Beaird, 217 Ala. 355, 116 So. 367, and numerous cases cited therein.

■ On May 10, 1946 the appearance bond of appellant, at his request, and with the consent of at least one on the bail, was continued in force and effect. Having solicited and invited his release under this bond, appellant now contends that it should be regarded as void, and that the period of his freedom resulting from this bond should be considered as time served. An unexecuted sentence imposes no punishment. In our opinion the appellant's actions have estopped him from questioning the validity of this bond.

■ Record evidence shows that whatever delay occurred was occasioned by appellant's action in asking for and receiving continuances and release on bail. His own actions suspended his sentence, and no part of the time for performance of the same expired. Brewer v. State, 24 Ala.App. 1, 130 So. 315; Ex parte Crews, 12 Ala.App. 300, 67 So. 804.

As was said by Mr. Justice Sayre in Cofer v. State, 168 Ala. 171, 52 So. 934, 935, "The petitioner's effort to bring about his discharge on a writ of habeas corpus was a collateral attack upon the judgment and sentence which had been pronounced upon him * * *. On such attack no mere errors or irregularities affecting the trial which resulted in the judgment could avail the petitioner; he must show that the judgment and sentence was so fatally defective as to be void."

■ In appeals from judgments in habeas corpus proceedings we can only look at the record to see whether a judgment exists, and have no power to say whether it is right or wrong. It is conclusively presumed to be right, until it is regularly brought up for revision. Tanner v. State, 23 Ala.App. 61, 121 So. 424, cert. den. 219 Ala. 7, 121 So. 423; State v. Ham, 24 Ala. App. 147, 133 So. 60.

■ The judgment entry in this record is regular on its face. The court entering the judgment had jurisdiction of the person and subject matter. The record shows that the jurisdiction of the court continued until the judgment was entered. Illegality relied on for discharge under habeas corpus proceedings must appear on the face of the proceedings. State v. Thurman, 17 Ala.App. 656, 88 So. 61.

■ The burden cast on the state in the habeas corpus proceedings below was met when it introduced the judgment of a legally constituted court acting within its power in rendering the judgment.

■ The above enunciated doctrines are decisive of the issues of this case. We refrain from any discussion of the rulings of the lower court as to the admission or rejection of certain evidence during the hearing on the petition of habeas corpus, as in our opinion the state of the record renders immaterial all such evidence.

Affirmed.

Writ denied.