133 So.2d 713

**Evie Lee WILLIAMS**

v.

**CITY OF BIRMINGHAM.**

6 Div. 808.

Court of Appeals of Alabama.

Jan. 10, 1961.

Rehearing Denied Feb. 7, 1961.

Morel Montgomery, Birmingham, for appellant.

Wm. C. Walker, Birmingham, for appellee.

HARWOOD, Presiding Judge.

Appellant, petitioner below, takes this appeal from a judgment of the Circuit Court of Jefferson County, Alabama, denying petitioner's release from custody on habeas corpus.

Petitioner was a prisoner of the City of Birmingham, by virtue of a judgment of the Circuit Court of Jefferson County imposing a fine and sentencing petitioner to 180 days in jail. The fines were paid and the only question here concerns the jail sentence.

Petitioner served eight days of the sentence and was granted parole by the City of Birmingham on April 8, 1960. On Oct. 5, 1960, petitioner was arrested again on a charge of violating the anti-lottery ordinances of the City of Birmingham.

On this same day petitioner's parole was revoked and petitioner returned to jail to serve the remaining 172 days of the original sentence. The instant petition for habeas corpus was filed on Oct. 13, 1960, and on

Oct. 15, petitioner was convicted on the charge for which she was arrested on Oct. 5.

Petitioner in seeking release has in no way questioned the validity of the 180 day sentence, but asserts that her imprisonment on this sentence is illegal because she had served this sentence while on parole. Petitioner's contention in this regard turns on whether or not a city convict while on parole is deemed to be serving his sentence outside of the prison walls.

Prior to the enactment of our parole and probation statute, the law was that a parole was in the nature of a conditional pardon, and a convict who broke the condition or conditions of his parole was subject to be remanded to custody to serve his unexpired sentence, and this even after the time at which the sentence would have ended has passed but for its suspension. Fuller v. State, 122 Ala. 32, 26 So. 146, 45 L.R.A. 502.

Section 599, Tit. 37, Code of Alabama 1940, provides, among other things, that a parole violator "shall be required to carry out the sentence of the recorder or of the court as though no parole had been granted him, notwithstanding his sentence would have ended but for suspension thereof by the parole."

The above provision, enacted in 1915, is but a reflection of the same principle enunciated in the Fuller case, supra.

To this same effect is Section 1091 of the General Code of Birmingham 1944, which provides among other things that upon revocation of a parole granted a city convict "the time during which such convict shall have been at liberty under such parole shall not be computed in determining the date of expiration of such sentence."

While Pinkerton v. State, 29 Ala. App. 472, 198 So. 157, is to the effect that a State convict on parole is yet, under the provisions of our pardon and parole statute, in the legal custody of the warden of the prison until the expiration of the term specified in his sentence, and is in effect serving his sentence outside of prison walls, the doctrine of the Pinkerton case, supra, rests squarely upon the interpretation of our pardon and parole statutes relating to State convicts. It has no application to municipal convicts.

The law in relation to city convicts is yet as in Fuller v. State, supra.

Appellant being a city convict has not therefore, served her sentence while out on parole.

Appellant's remaining contentions that the court should have granted her release on habeas corpus are based on alleged defects in the granting or the revocation of her parole. For us to review these contentions, we would of necessity have to determine that the actions and procedures in granting and revoking a parole are appropriate subjects for review on habeas corpus.

In State ex rel. McQueen v. Horton, 31 Ala.App. 71, 14 So.2d 557, 560, this court granted a writ of prohibition to prevent the judge to whom the petition for habeas corpus was addressed from examining and reviewing the revocation of a parole. There Judge Rice, speaking for the Court, first determined that the petitioner had not served his complete sentence while on parole, which as noted above is the case here. Continuing, Judge Rice said that a parole was a matter of grace and not a matter of right to a convict, and therefore the actions taken in granting and revoking a parole were not subject to review as being violative of the rights of the convict. The paroling authority having the "full and complete authority to grant the privilege of a parole to a convict," and in the same way "authority to supervise, unhindered and unquestioned, the 'parolee'—and to alter at its will the conditions for the retaking of parole violators, so long as their punishment is not increased."

Having determined that the sentence of the petitioner has not been served

while on parole, we feel that the actions in granting and revoking the parole are not here proper subjects for review on habeas corpus, these matters resting in the discretion of the paroling authority. State v. Horton, supra; Summers v. State, 31 Ala. App. 264, 15 So.2d 500.

Affirmed.

### On Rehearing

In his brief on application for rehearing counsel has argued that we erred in our original opinion in two aspects.

Counsel's first argument is that we erred in affirming the judgment from which this appeal is taken in that the record shows that the appellant's first conviction in the Circuit Court, and upon which she was sentenced to 180 days in jail, and from which sentence she was paroled after serving 8 days, was void in that the record shows that the appellant was arraigned in the Circuit Court upon an oral complaint. In this connection the judgment entered by the Circuit Court reads in part as follows:

"This the 1st day of April, 1960, came Wm. C. Walker, who prosecutes for the City of Birmingham, and also came the defendant in her own proper person and by attorney, and the defendant being duly arraigned upon the oral Complaint of the City of Birmingham, charging the defendant with the offense designated in the Appeal Bond from the Recorder's Court of the City of Birmingham, Alabama, in this cause, for her plea thereto says that she is guilty as charged in said oral Complaint, and on recommendation of City Attorney Walker, the Court assessed a fine of One Hundred ($100.00) dollars and costs against said defendant. It is therefore considered by the Court, and it is the judgment of the Court that said defendant is guilty as charged in said oral Complaint, and that she pay a fine of One Hundred ($100.00) dollars and costs of this cause."

In appeals from judgments in habeas corpus proceedings we can only look at the record to see whether a judgment exists and have no power to say whether it is right or wrong. It is presumed to be right until it is regularly brought up for revision. Little v. State, 32 Ala.App. 662, 29 So.2d 427; State v. Ham, 24 Ala.App. 147, 133 So. 60; Tanner v. State, 23 Ala.App. 61, 121 So.2d 424.

Furthermore, while one on trial from recorder's court for the violation of a municipal ordinance is entitled to be apprised of the nature and cause of the prosecution against him by a written complaint, if an accused is arraigned and tried in such court without a written complaint, the judgment entered pursuant to such proceedings is not void for want of jurisdiction. If a defendant proceeds to trial in such court without demanding such complaint, he is deemed to have waived the right, and later on appeal he cannot for the first time avail of it. In order to abate the proceedings in the appellate court because of lack of an affidavit before the recorder, the transcript must affirmatively show that objection to trial without a written complaint was seasonably interposed when the accused was arraigned and tried in the recorder's court. To authorize dismissal of the proceedings in the appellate court it must affirmatively appear that the judgment of the lower court was void for lack of jurisdiction. Chaney v. City of Birmingham, 32 Ala.App. 4, 21 So.2d 268, and innumerable authorities cited therein.

Not only does the record fail to show affirmatively that this appellant filed any objections to being put to trial without the written complaint, but on the other hand it affirmatively shows that the appellant pled guilty in the Circuit Court on her appeal from her conviction in the Recorder's Court. This of course was a waiver of any right she had to demand a written complaint.

No merit attaches to appellant's first contention.

**212**

Counsel for appellant further contends that affirmance of the judgment below was erroneous in that counsel asserts that Section 1091 of the General Code of Birmingham 1940, providing among other things that upon revocation of a parole granted a city convict, "the time during which such convict shall have been at liberty under such parole shall not be computed in determining the date of expiration of such sentence" is void as being contrary to State policy evidenced by the State Pardon and Parole law.

This contention is likewise without merit in that the said ordinance is in full accord with the State policy as enunciated in Section 599, Tit. 37, Code of Alabama 1940, which provides, among other things, that a parole violator "shall be required to carry out the sentence of the recorder or the court as though no parole had been granted him, notwithstanding his sentence would have ended but for the suspension thereof by the parole." This code section or its progenitors has been in our Code or Acts since 1935. See Gen. Acts of Alabama, 1935, p. 1109.

Clearly it was the intention of the Legislature to provide a different method for governing the parole of city convicts from those methods pertaining to State convicts, and Sec. 1091 supra, is in accord with the State policy enunciated in Sec. 599, supra.

Futhermore, in the habeas corpus proceedings below, and in appellant's brief on original submission in this Court, the sole question presented was whether or not a city convict is deemed to have been serving his sentence while on parole.

In Ex parte Washington, 13 Ala.App. 609, 68 So. 686, we find the following:

"If the ordinance was void, there are authorities which hold that petitioner could get the benefits of its invalidity, even on habeas corpus (15 Am. & Eng. Ency. Law (2nd Ed.) 169—7; Ex parte Cowert, 92 Ala. 94, 9 So. 225; Ex parte Sikes, 102 Ala. 173, 15 So. 522, 24

L.R.A. 774), provided her petition was so framed as to raise that point, though we have held, following later rulings of our Supreme Court, that its invalidity could not be raised by habeas corpus (Ex parte Lane, 12 Ala.App. 232, 67 So. 727). Whether it could, or whether it could not, the petition is not so framed as to present the point, as the allegations of the petition are such that petitioner is by them confined on this appeal to the one ground, which we have first considered, since that ground, and none other, is specified in the petition as the reason for alleging that the judgment under which petitioner was held was void. We are not at liberty to consider a question that was not raised below."

All of the above necessitates a conclusion that no merit can attach to appellant's second contention.

Application overruled.